JOHN A. STEES and others *v.* FRANZ KRANZ.

July 18, 1884.

| 32 | 313 |
| 55 | 486 |
| 32 | 313 |
| 56 | 324 |

**Injunction—Answer denying Equities of Complaint.**—Where the circumstances are such as to lead the court to believe it quite probable that, upon a final hearing, the material allegations of the complaint will turn out to be true, it will be an exception to the rule that upon the coming in of an answer denying all the equities of the complaint, a temporary injunction will be dissolved.

**Same—Landlord and Tenant—Right of Re-entry not Adequate Remedy.**—A right of re-entry reserved in a lease of real estate for breach of covenant, is not an adequate remedy so as to deprive the lessor of the right to an injunction to restrain such breach, even if the lease stipulate that such re-entry shall not work a forfeiture of future rents, unless it also provide expressly, or by necessary implication, that the lessor shall not be held to account to the lessee for the possession after the re-entry.

**Same—Covenant not to Put Premises to a Specified Use.**—A covenant that the lessee, "his heirs, administrators, or assigns," will not put the rented premises to a specified use, may be enforced by injunction to restrain its breach, against a sub-tenant of the lessee.

**Same—Pleading—Agency.**—An allegation in a complaint that by a lease, of which a copy is attached, the plaintiff "demised, leased, and let" the premises, includes the authority of an agent by whom the lease appears to have been executed on the part of plaintiff.

**Notice of Unrecorded Instruments Affecting Title.**—A party is bound by whatever affecting his title is contained in an instrument through which he must trace his title, even though it be not recorded, and he have no actual notice of its provisions.

**Injunction on Complaint alone.**—A temporary injunction may issue on the complaint alone, if it make out a sufficient cause for it, and if it is verified and its allegations are positive.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing to dissolve a temporary writ of injunction, issued upon complaint, which was verified by the oath of two of the plaintiffs, each saying "that he knows the contents of the foregoing and attached complaint, and that the said complaint is

true." The motion to dissolve was made upon a similarly verified answer, and was opposed by a verified reply and by affidavit.

*Otto Kueffner,* for appellant.

*Rogers & Rogers,* for respondent.

GILFILLAN, C. J. June 14, 1883, plaintiffs executed to Hugo and Isaac Kahn a lease of certain premises in St. Paul for the term of five years. The lease contained a provision that if the lessee should fail to fulfil any of the covenants contained in it, the lessors might "re-enter and take full and absolute possession of the above-rented described premises, and hold and enjoy the same fully and absolutely, without such re-entering working a forfeiture of the rents to be paid and the covenants to be performed by the said parties of the second part, their heirs, executors, administrators, or assigns, for the full term of this lease;" and also: "It is hereby further agreed that no spirituous or malt liquors shall be kept for sale or vended as a beverage, within or on said described premises, by the parties of the second part, their heirs, administrators, or assigns, for and during the full term of this lease;" and also contained a covenant against subletting without the consent of the lessors. September 25, 1883, the Kahns sublet a part of the premises to defendant, who entered and engaged in the business of selling spirituous and malt liquors therein. November 24th plaintiffs commenced this action, the object of which is to enforce, by injunction, the covenant against the keeping for sale or vending spirituous or malt liquors on the premises rented, and obtained, on the complaint, a writ of injunction so enjoining defendant till the further order of the court. Defendant answered, and on his answer moved for a dissolution of the injunction, and, the motion being denied, he appeals to this court.

The contents of the answer it is unnecessary to notice here, except that it denies knowledge or information sufficient to form a belief as to plaintiffs' title to the premises; as to the execution by them of the lease to the Kahns, and as to its contents; and alleges that when the lease by the Kahns to defendant was executed, they were in the open and notorious possession of the premises, and represented to him that they had full and complete power to rent the premises without any clause limiting the enjoyment of them, and that they agreed to insert

in the lease to him a clause guarantying to him all the right to use the premises for a restaurant, and to sell wines and liquors in connection therewith. We refer to these features of the answer for the reason that the appellant makes the point that it denies all the equities of the complaint, and therefore the injunction should have been dissolved.

The rule that where the answer denies the equities of the bill the temporary injunction will be dissolved, has its exceptions. Thus, where the circumstances are such as to lead the court to believe it quite probable that the material statements of the complaint will, upon a final hearing, turn out to be true, it will be an exception to the rule. *Mulock* v. *Mulock,* 26 N. J. Eq. 461; *Pineo* v. *Heffelfinger,* 29 Minn. 183. Such, we think, is this case. It was so easy for defendant to ascertain whence his lessors derived their title, and to allege it in the answer, if not truly stated in the complaint, that we suspect his ignorance on the subject to be voluntary, and preserved by him only because he is conscious that proper inquiry would show the fact to be as alleged in the complaint.

In addition to the foregoing the appellant makes these points : *First,* the plaintiffs have an adequate remedy by re-entry under the terms of the lease, and therefore are not entitled to an injunction; *second,* the covenant not to sell liquor (by its terms) binds only the lessees, their heirs, administrators, or assigns, and does not affect defendant, who is none of them, but only a sublessee; *third,* the lease is not valid, because executed by one assuming to act as agent for the lessors, and his authority to act as agent does not appear; *fourth,* the lease was not recorded, and defendant had no notice of the covenant not to sell liquors; *fifth,* an injunction will not issue on the complaint alone.

There are several minor points made, but they do not deserve special mention. We will take up the points in their order.

A right of re-entry reserved in a lease can rarely be said to be in law a fair equivalent for a performance of the lease. If the re-entry have the effect to terminate the lease, then, as the continuance of the lease and the performance of its terms by the tenant must be presumed to be of some benefit to the landlord, such re-entry in not an adequate

remedy, for it does not leave the landlord in as good a position as enforcing performance by the tenant would leave him in. It is claimed, however, that under this lease a re-entry by the plaintiffs would not suspend the tenant's obligation to pay the rents to the end of the term, and that, therefore, it is not the same as would be a case where the re-entry terminates the lease. This would have to be conceded if we could conceive that the landlord might terminate all the tenant's rights under the lease, and still enforce against him all its obligations. It might, perhaps, be competent for the parties to make such a lease; but certainly, before a court would hold such to be its effect, the intent that it should so operate would have to be clearly and unmistakably expressed. Unless excluded in express terms, or by necessary implication, the landlord, so long as, after re-entry, he exacted payment of the rents, would have to account for the value of the possession, or at least for such rents as he should make, or might with proper diligence make, by means of such possession. That, certainly, could not be so beneficial to the landlord as performance of the lease by the tenant. The right of re-entry is not in this case an adequate remedy, such as to deprive plaintiff of the right to an injunction.

It is not necessary to consider whether the covenant not to sell liquors upon the premises is binding on a sublessee of the tenant, in the sense that an action to recover damages for its breach would lie against him; for it is also in the nature of a condition affecting the estate granted, restricting and limiting the rights of the lessees in the premises. They had no right to use the premises for the sale of liquors, and they could not give such right to any one else. To that extent it was binding, not only on the parties mentioned in the lease, but upon all who might claim under them.

For the objection to the validity of the lease there is, as the case now stands, no foundation in fact. The complaint alleges that, by the lease, a copy of which is attached, the plaintiffs demised, leased, and let the premises to the Kahns, and that the latter entered into possession under it. That allegation includes the authority of the agent by whom it appears to have been executed on the part of some of the plaintiffs.

It is immaterial that the lease was not recorded, or that in fact the defendant had no notice of the covenants in it. No rule is better settled than this: that one is bound by whatever affecting his title is contained in any instrument through which he must trace his title. The defendant must trace his title through the lease to the Kahns. As against the plaintiffs that is the only way he can justify his possession.

The statute contemplates that in a proper case, for the cause made by the complaint, a temporary injunction may be issued on the complaint alone, (Gen. St. 1878, *c.* 66, § 200,) provided it be verified and its allegations are positive. *McRoberts* v. *Washburne,* 10 Minn. 8, (23.) In that case it may be taken, for the purpose of the application, as proof—as an affidavit. This complaint meets those requirements.

Order affirmed.