JOHN G. SCOTT, Respondent, *v.* PEDRO MONTELLS, Appellant.

Defendant leased certain premises to D., who deposited with him a sum of money under a provision in the lease that defendant should hold the same as security for the rent, paying interest thereon, the same to be paid back "on full compliance with the conditions of this lease" on the part of D. Default having been made in a payment of rent, D. was dispossessed by defendant, who refused to return any of the deposit. In an action to recover the same the answer alleged facts showing a breach by the tenant of covenants on his part to make repairs, but did not set them up as a counter-claim, *held*, that defendant was only entitled to retain the amount of his claim against his tenant for damages arising out of the breach of the covenant to secure which the deposit was made; that evidence of failure to keep other covenants did not go to destroy or diminish the amount of plaintiff's cause of action, but gave to defendant a cause of action against D., which, to be available, should have been set up as a counter-claim.

(Argued February 29, 1888; decided March 6, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York in favor of plaintiff, entered upon an order made April 6, 1885, which overruled defendant's exceptions and directed judgment on a verdict.

This action was brought by plaintiff, as assignee of Therese Dosot, to recover $900 deposited by said assignor with defendant in pursuance of the following provision of a lease executed

by him as landlord and by her as tenant of certain premises in the city of New York:

"In lieu of security the party of the first part (defendant) accepts, and the party of the second part (Dosot) agrees, to pay to him the sum of $900.

"The party of the first part to pay interest at the rate of six per cent thereon, and to hold the same as his security for the payment of rent by the party of the second part, according to the conditions and provisions of this lease. Said security to be paid back to the party of the second part on the full compliance with the provisions of this lease on the part of the party of the second part."

Said Dosot was dispossessed July 28, 1883, by the defendant for non-payment of rent, admitted by both sides to be $138.36. Defendant refused to pay to Dosot, or plaintiff (as her assignee), any portion of the $900.

The answer set up as a defense a breach of a covenant in the lease on the part of the tenant to make all necessary repairs.

Evidence was given on the trial tending to show that the tenant did not make the necessary repairs, but the trial court refused to allow proof of the amount and cost thereof on the ground that defendant not having set up the same as a counterclaim was not entitled to be allowed therefor, and directed a verdict for the $900, with interest, less the amount of rent due and unpaid up to the time the tenant was dispossessed.

A verdict was rendered accordingly, and exceptions were ordered to be heard at first instance at General Term.

*George W. Cotterill*, for appellant. There not having been a full compliance with the provisions of the lease, the deposit became forfeited and the assignor had no right to it in law or in equity. (Code, § 2253; *Rice* v. *Bliss*, 24 N. Y. Daily Reg., No. 153; *Hayes* v. *Hunt*, 42 Barb. 58; *Page* v. *McDonald*, 46 How. Pr. 52, 299; *Healy* v. *McManus*, 23 id. 238; *Cushingham* v. *Phillips*, 1 E. D. S. 416; *Ketcham* v. *Evertson*, 13 J. R. 346.)

*David L. Walter* for respondent.   Language that is (or can be construed into) a provision for the payment or forfeiture of a large sum of money upon the non payment of a smaller sum will always be construed as a penalty, and not as liquidated damages, and this is so, even when there is a sum fixed for breach of one of several provisions or conditions if one of said conditions or provisions be for the payment of a sum of money. (*Cotheal* v. *Talmage,* 9 N. Y. 556; *Astley* v. *Weldon,* 2 B. & P. 346; *Kemble* v. *Farren,* 6 Bing. 141; *Spears* v. *Smith,* 1 Den. 464; *Scott* v. *Montells,* 18 J. & S. 443; *Colwell* v. *Lawrence,* 38 N. Y. 71; *Kemp* v. *Knickerbocker,* 69 N. Y. 58.) No counter-claim of any amount expended for repairs having been set up in the answer, it is clear that the judge could not allow any amount or money value to be proved, and his ruling was correct. (*Roberts* v. *Societa Anonima,* 21 J. & S. 424, 431.) If defendant wished to take advantage of the allegation of a judgment in the complaint, he had to take it with the further allegation of the complaint that no rent was due when Mrs. Dosot was dispossessed. (*Goodyear* v. *De La Vergne,* 10 Hun, 537; *Jarvis* v. *Driggs,* 69 N. Y. 143, 147.) The court had no power to allow defendant to set up his defenses as counterclaims. (*Richmeyer* v. *Remsen,* 38 N. Y. 206; *Rosenwald* v. *Hamerstein,* 12 Daly, 177.)

*Per Curiam.* We do not think that the failure of plaintiff's assignor to pay the rent due under the lease (by reason of which she was by the landlord dispossessed), operated to forfeit all her title to the deposit she made with the landlord. It was made as security only, and in case of failure on her part to perform, the landlord was not confined to the deposit for a remedy, nor if he did resort to it was he entitled to retain more of it than amounted to his demand against the tenant for damages arising out of the breach. The cases cited in the opinion attached to the brief of appellant, where owners of real estate had contracted to sell it and had retained partial payments of purchase moneys made to them by vendees who sub-

sequently, without just cause, refused or failed to fulfill their contracts by taking a conveyance of the land, seem to us to have no application here. The defendant sought to prove upon the trial of the action that the assignor of plaintiff had left the house in a bad condition, and had not made necessary repairs therein, which she had covenanted to do in the lease, and that he had made them himself at a cost of over $400, which he claimed to deduct from the deposit besides the amount of the rent due at the time the tenant was dispossessed. The trial court refused to allow the reduction on the ground that the answer contained no counter-claim. The answer did allege the foregoing facts as to the repairs, etc., but did not set them up as a counter-claim, nor did it demand judgment for the amount of his expenditures for repairs, but simply claimed to reduce, *pro tanto*, the plaintiff's own original cause of action.

If the money had been deposited with the landlord as security for the performance of all the covenants in the lease, it is very probable that there was enough stated in the answer to render the evidence of the amount expended for the repairs admissible, because in such case the facts would not have constituted a counter-claim, but would have gone in diminution of the plaintiff's right of recovery on her own original cause of action. But we think, from a perusal of the lease itself, that the money was deposited as security for the payment of the rent only, and not for the performance of the other covenants in the lease. Its purpose is so stated in terms, and the promise to pay it back " on the full compliance with the provisions of this lease," when taken in connection with the expressed sole purpose of the deposit, must mean a promise to pay it back on the full compliance of the terms as to the payment of the rent. The language of the covenant for making the repairs seems obviously to refer to those repairs which the tenant would be interested in having made, and the provision was one looking to having her, instead of her landlord, responsible for making them, and the deposit would naturally be neither exacted nor given for securing such repairs.

This being the case, evidence of a failure on the part of the tenant to keep some of the covenants contained in the lease for the performance of which the money was not deposited as security, did not go to destroy or diminish the amount of the plaintiff's cause of action, but simply tended to show a breach of a covenant on the part of the tenant and resulting damage to the landlord, which gave him a cause of action against the tenant to the full amount of such damage, and this cause of action, in order to be available to defendant in the action, should have been set up as a counter-claim.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.