EUGENE J. CHAUDE, Respondent, *v.* CHARLES D. SHEPARD, Appellant.

Defendant leased certain premises to plaintiff, who deposited with him a sum of money under a provision in the lease that defendant should hold the same as security for the faithful performance by plaintiff of his covenants in the lease, the same to be applied as payment of rent on the last three months of the term, provided the lease was not sooner terminated by plaintiff's failure to perform, in which last event it was declared that the sum paid should be forfeited and become the property of defendant absolutely. Default having been made in the payment of one month's rent, plaintiff was dispossessed by defendant, who refused to pay back any part of the deposit. In an action to recover the same, less the amount due for the month's rent, *held,* that the provision in reference to the deposit was not intended to give it the character of liquidated damages, but rather as a penalty; that the deposit was as security for the performance of plaintiff's covenants, and was held as indemnity for such loss as should arise from his breach; that, after the re-entry by defendant, he was entitled to retain such sum only as would cover the damages resulting from the breach of covenant prior thereto, and the plaintiff was entitled to the surplus.

*Ockenden* v. *Henley* (E. B. & E. 435); *Hinton* v. *Sparkes* (L. R. [3 C. P.] 161), distinguished.

(Submitted October 9, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 4, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict.

On the 1st day of September, 1886, the parties entered into an agreement of lease by which the defendant of the first part demised to the plaintiff of the second part certain premises

in the city of New York, for the term of three years and eight months from that date, for the yearly rent of $6,000, payable in equal monthly payments on the fifteenth day of each month. In it was the provision that the party of the second part " on the execution of this lease agrees to deposit with the party of the first part the sum of $1,500 as security for the faithful performance by the party of the second part of the covenants of this lease, the same to be applied as payment of rent on the last three months of the term for which said premises are rented, provided said lease is not sooner terminated by failure of the party of the second part to keep and perform the covenants of said lease, in which last event the said $1,500 shall be forfeited and become the property of the party of the first part absolutely." Also, the further provision that if the " demised premises or any part thereof shall become vacant at any time during the said term, the said party of the first part and his legal representatives or assigns may re-enter the same by force, or otherwise, without being liable to any prosecution therefor, and may relet the said premises as the agent and for account of the said party of the second part, and receive the rent thereof, applying the same first to the payment of such expense as he or they may be put to in re-entering and reletting, and then to the payment of the rent due by these presents, with interest, and the balance, if any, to be paid over to the said party of the second part, and any deficiency which may arise, the said party of the second part hereby covenants and agrees to pay in full."

The plaintiff deposited with the defendant $1,500 pursuant to his agreement in the lease. He went into possession of the premises and paid the rent which became due prior to December 15, 1886, when he became in default for the non-payment of rent for one month, ending January 15, 1887. By means of summary proceedings, instituted by the defendant in court, and warrant thereon issued, the plaintiff was, on December 23, 1886, removed from the premises and possession thereof taken by the defendant. This action was brought to recover $1,000 of the amount so deposited, and recovery was had accordingly.

*Alexander & Green* and *Sidney Ward* for appellant. The plaintiff has no claim whatever to the money deposited under the lease. By the clear terms of the lease it is forfeited, and belongs absolutely to the defendant. (*Hinton* v. *Sparks*, L. R. [3 C. P. Div.] 161; *Lea* v. *Whittaker*, 8 id. 70, 77; *Ockenden* v. *Henley*, E. B. & E. 485; *Essex* v. *Damill*, L. R. [10 C. P. Div.] 538; Sedg. on Dam. 393; *Noyes* v. *Phillips*, 60 N. Y. 408, 412; *White* v. *Kuntz*, 13 Daly, 286, 293.) The money having been delivered by the plaintiff to the defendant in part performance of a contract, which has been terminated by the plaintiff's own default, he cannot recover it. (*Lawrence* v. *Miller*, 86 N. Y. 131, 139; *Havens* v. *Patterson*, 43 id. 218, 220; *Page* v. *McDonnell*, 55 id. 299.) Even if this case is to be treated on the same principles as where there is an executory contract for a payment of damages on default, the provision as to a deposit should be treated as one for liquidated damages, and not for a penalty. (*Cotheal* v. *Talmadge*, 9 N. Y. 551, 554; *Noyes* v. *Phillips*, 60 id. 408; *Kemp* v. *K. I. Co.*, 69 id. 45, 57, 58; *Little* v. *Banks*, 85 id. 258, 266; *Knapp* v. *Maltby*, 13 Wend. 587.) The counterclaim of the defendant should have been allowed, and the defendant should at least have been allowed to go to the jury on it. (*Hall* v. *Gould*, 13 N. Y. 124.)

*John C. Tomlinson* for respondent. The failure to pay the rent did not make a forfeiture of the deposit. (*Scott* v. *Montells*, 109 N. Y. 1.) The effect of the warrant dispossessing the plaintiff was to terminate the lease and annul the relation of landlord and tenant, except that the landlord could recover any rent due up to the time when the warrant was issued. (Code Civ. Pro. § 2253; 2 Taylor on Landl. & Ten. § 725.) The use of the word "forfeited" of itself precludes it from being construed as providing for liquidated damages. (*Bagley* v. *Peddie*, 16 N. Y. 471; *Van Buren* v. *Digges*, 11 How. Pr. 477; *Salters* v. *Ralph*, 15 Abb. Pr. 276; *Colwell* v. *Lawrence*, 38 N. Y. 71; *Kemp* v. *Knickerbocker*, 69 id. 58; *Scott* v. *Montells*, 109 id. 1; 3 Pars. on Cont. 159; 1 Sutherland on Dam. 497, 515, 525.)

BRADLEY, J.   There was no express promise in the lease to repay the deposited sum, or any part of it, to the plaintiff in any event.   And it is insisted, on the part of the defendant, that none can be implied, inasmuch as the contract provided what disposition should be made of it in case the lease was terminated by the default of the plaintiff before the end of the term.   The main question has relation to the effect of that provision of the agreement in the lease.   It may be observed that the primary purpose of the deposit was security for the performance by the plaintiff of his covenants in that instrument.   Those covenants were to pay the rent and the charges assessed for Croton water, and to make repairs during the term.   The only default at the time of his removal, by means of the summary proceedings taken by the defendant, was in the non-payment of one month's rent, which became due immediately preceding the time of the commencement of such proceedings, resulting in his removal before the expiration of the month for which the rent then due was payable.   The defendant then had in his hands a sum furnished by such deposit sufficient to pay the rent, not only for that month, but for two additional months.   The deposit expressed in the lease was intended as security for the performance by the plaintiff of his covenants, and finally, in case his tenancy was not sooner terminated, to be applied in payment of the rent for the three closing months of the term.   What, then, was the purpose, within the intention of the parties, of the further provision that, in the event there mentioned, the $1,500 should be forfeited and become the property of the defendant absolutely?   If the lessor's claim to a sum of money, founded upon a stipulation by way of forfeiture on the termination of the lease for the default of the lessee before the end of the term, had existed in the executory agreement of the latter to pay it, the question clearly would have been presented whether such sum was inserted as a penalty or as liquidated damages.   And such is, in some sense, the nature of the question which arises upon the provision on the subject in this lease.   The word forfeit in a contract does not necessarily import a penalty,

but whether it is such may be dependent upon the circumstances under which it is used. The rule in support of liquidated damages for breach of contract is applicable, and such effect may be given to a stipulated sum, when the damages resulting from the breach are necessarily indefinite and uncertain, and the designated amount does not appear to be unreasonable. (*Cotheal* v. *Talmage,* 9 N. Y. 551; *Bagley* v. *Peddie,* 16 id. 469.) And whether it is such or a penalty is dependent upon the intention of the parties, to be ascertained from the nature of the contract and the circumstances derived from it, so far as they may bear upon the purpose of the provision in that respect. (*Colwell* v. *Lawrence,* 38 N. Y. 71; *Little* v. *Banks,* 85 id. 258.) The application of those principles to the present case, would seem to lead to the conclusion that the sum deposited was not intended as liquidated damages in case of the termination of the tenancy of the plaintiff by reason of his default before the end of the term. The parties did not in terms so express the consequence of such default, but the fact that they did say in the contract that the deposit was made as security for the performance of the plaintiff's covenants, is consistent with its purpose as indemnity merely. The damages resulting from the termination of the tenancy by reason of the plaintiff's failure to perform the covenants, were neither indefinite nor uncertain in character. His relation of tenant could be terminated before the end of the term only by the act or consent of the defendant; and when he accomplished it and took possession of the premises, the damages with which the plaintiff was chargeable were those only, which resulted from breach of the covenants prior to entry of the defendant, upon the termination by the latter of such tenancy, as there could, in the nature of the case, be no breach of them committed by the plaintiff after the effectual termination of such relation and re-entry by the defendant.

In view of the intention of the parties as derived from the entire provision in respect to this deposit, there was nothing within their contemplation in its purpose, in the event of the premature termination of their relation given by the lease,

other than such damages as should result from the default of the plaintiff. This is evident from the fact the deposit was made as security for performance of the covenants and held as indemnity for such loss as should arise from breach. And in that view the plaintiff was entitled to the surplus remaining after such claim of the defendant was satisfied. (*Scott* v. *Montells,* 109 N. Y. 1.) It is, however, urged by the learned counsel for the defendant that, as the money was actually placed in the possession of the defendant pursuant to the contract at the time of the execution of the lease, the disposition of it is governed by a different rule than that which would have been applicable if the claim to it had been founded upon the executory agreement of the plaintiff to pay it. That would have been so if the money had been paid upon the contract by way of partial performance by the plaintiff. In such case the party so paying, and afterwards by reason of his default is deprived of or denied the benefits of his contract, cannot recover back the money so paid by him upon it. (*Page* v. *McDonnell,* 55 N. Y. 299 ; *Lawrence* v. *Miller,* 86 id. 131 ; *Havens* v. *Patterson,* 43 id. 218.) And these views are not inconsistent with the rule applied to the facts in the cases of *Ockenden* v. *Henly* (E. B. & E. 485) and *Hinton* v. *Sparkes* (L. R. [3 C. P. Div.] 161), cited by the defendant's counsel. There is no provision in the lease in question that the money deposited should be treated as a payment, or to make it such, unless the plaintiff's tenancy continued until the end of the term. In that event only, it was to be applied in payment of the rent for the three months ending with its close. The provision relating to the deposit and expressive of forfeiture cannot, therefore, be treated as indicative of intention of the parties to give to it the character of liquidated damages, but rather that it should have the nature of a penalty in the event there mentioned. And as the only default of the plaintiff was in the non-payment of one month's rent, he was entitled to recover the excess over that of the amount so deposited. The other provision of the lease, permitting the lessor to enter in case the premises should become vacant, and rent them as the

Statement of case.

agent of the plaintiff, and account to him for the proceeds, less the expenses, and charge him with any deficiency, has no relation to the situation produced by the termination of the plaintiff's tenancy as it was accomplished in this instance.

No other question seems to require consideration.

The judgment should be affirmed.

All concur.

Judgment affirmed.