(48 Misc. Rep. 383.)

WOLF v. DEMBOSKY.

(Supreme Court, Appellate Term. October 27, 1905.)

LANDLORD AND TENANT — LEASE — CONSTRUCTION — DEPOSIT BY TENANT — DAMAGES COVERED.

A tenant made a deposit at the execution of the lease, providing that the sum should be held "as security for the faithful performance of all the covenants and conditions of the lease," and should be forfeited as liquidated damages in case the lease should "be terminated by reason of any act on the part of the tenant before the period mentioned, for nonpayment of rent or in violation of any of the other covenants," and the tenant covenanted to quit and surrender the premises in as good condition as reasonable use and wear would permit. *Held*, that the deposit was liquidated damages only if the term of the lease were cut short in consequence of some act on the part of the tenant, and did not cover damages owing to the tenant's having held over.

Appeal from City Court of New York.

Action by Samuel Wolf against Morris Dembosky. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Joseph Wilkenfeld, for appellant.
Alexander Rosenthal, for respondent.

SCOTT, P. J. The deposit was made as security for the faithful performance by the tenant of all the covenants and conditions of the lease, and, although it is declared that under certain circumstances it shall be forfeited as liquidated and settled damages, this declaration is not necessarily controlling as to the character of the deposit. In similar cases it has generally been held that a deposit is to be treated merely as security, and not as a provision for liquidated damages. Chaude v. Shepard, 122 N. Y. 327, 25 N. E. 358; Scott v. Montells, 109 N. Y. 1, 15 N. E. 729; Cæsar v. Rubinson, 174 N. Y. 492, 67 N. E. 58. A close reading of the clause in the lease involved in this action will make it clear that the sum deposited certainly was not intended to be applied as liquidated damages for the loss which the landlord might sustain by reason of the holding over by the tenant after the expiration of the term, whatever might be its character with relation to any act done by the tenant up to the end of the term. It is provided that the sum now sued for shall be deposited with the landlord "as security for the faithful performance of all the covenants and conditions of the lease." The provision for forfeiting the sum as liquidated and settled damages does not, however, apply to any violation of the terms of the lease, but is only made applicable if the lease shall be "terminated by reason of any act on the part of the party of the second part before the period above mentioned, for nonpayment of rent or in violation of any of the other covenants." In other words, the deposit was to be treated as liquidated damages only if the term of the lease was cut short in consequence of some act of the tenant. This contingency did not arise, for the tenant held on until the end of the lease, and, as it is said, attempted to hold on even longer.

Nor do we think that, even treated as security, the deposit was intended to cover the expense to which the landlord might be put in dispossessing the tenant for holding over after the expiration of the lease. The only condition of the lease which the tenant is accused of violating is that in which he agrees that at the end of the term he will "quit and surrender the premises in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." So far as regards this clause, the security was intended to apply to the agreement to leave the premises in good state and condition, and not to the obligation to quit and surrender the premises at the end of the term, without regard to state and condition.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.