CARLON ELEVATOR COMPANY, Appellant, v. KLAHN, Respondent.

(177 N. W. 760.)

(File No. 4629. Opinion filed May 24, 1920).

1. Landlord and Tenant—Month to Month Rental, Advance Payment for Year, Fire Destruction of Leased Store—Recovery of Unexpired Rentals, Right To—Lease Construed Under Statute.

A complaint stated a verbal rental of premises from month to month, at $12 per month, that a few days thereafter plaintiff paid defendant rent of the premises in advance in sum of $144, that about sixteen days after rental the store building so rented was destroyed by fire and that there is due and owing from defendant to plaintiff on account thereof $137 and interest. Held, that trial court erred in sustaining demurrer to complaint; that while in some jurisdictions a common law rule exists to effect that where there is a covenant by lessee to pay rent for a specified term, and the leased buildings are destroyed by fire, tenant is not relieved from payment of rent unless he has protected himself by a lease covenant, yet this rule is not in effect in this state, having been changed by Sec. 1054, Code 1919, providing that the hiring of a thing terminates (4) by destruction of the thing hired, and Sec. 1056, providing that when hiring of a thing is terminated before time originally agreed on, hirer must pay due proportion of the hire for such use as he has made of the thing, unless such use is nominal and of no benefit to him.

2. Same—Whether Leasing from Month to Month, Immaterial— Obligation to Pay Rent After Building Destroyed—Advance Payment, Tenant's Equitable Right To.

Under the facts stated supra, the question whether the leasing was for specified term of one year or from month to month is immaterial, the result being the same in either case, under said Secs. 1054, 1056, the former applying to a lease of a building, and would apply as well to one from month to month as to one for specified term of one year, the latter providing that where lease is so terminated before time originally agreed on, lessee must pay due proportion of rent for time he has actually used the premises; and under this statute, tenant is under no obligation to pay rent for balance of term after destruction of leased property without his fault; and where rent has been paid in advance that would have been earned after such destruction, lessor holds money for which tenant has received no value, and which in equity and good conscience belongs to tenant, and an action will lie therefor.

Appeal from Circuit Court, Douglas County. HON. ROBERT B. TRIPP, Judge.

Action by Carlon Elevator Company, a corporation, against C. J. Klahn, to recover the rentals paid in advance. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and cause remanded for further proceedings.

*John W. Addie,* for Appellant.

*E. P. Wanser,* for Respondent.

(1)   To point one of the opinion, Appellant cited: 18 Am. & Eng. Encyc. of Law 308, par. (d); Wattles v. South Omaha Ice & Coal Co. 69 N. W. 785; Part 2, Kerr's Civ. Code (Calif.) p. 1579, n 15.

(2)   To point two, Appellant cited:   Porter v. Tull 33 Pac. 965; C. M. Staub Shoe Company v. Byrne (Calif.) 145 Pacific 1032.

Respondent cited: Harvey v. Weisbaum (Cal.) 113 Pac. 656, 33 L. R. A. 540; Am. & E. E. L. 18, 312, 124 Cyc. 1159.

McCOY, P. J.   Action to recover certain rents paid in advance. From an order sustaining a demurrer to the complaint, plaintiff appeals.

The complaint, in substance, alleged that on November 10, 1918, plaintiff verbally rented of defendant, from month to month at an agreed rental of $12 per month, the south one-half of a certain store and office building located in the town of Armour; that on the 14th day of November, 1918, plaintiff paid to defend-

ant rent in advance in the sum of $144; that on the 26th day of November, 1918, said store building was completely destroyed by fire; that there is now due and owing from defendant to plaintiff on account thereof the sum of $137.60 and interest; and that defendant, on demand, has failed and refused to pay the same to plaintiff.

[1] Appellant assigns as error the sustaining of a general demurrer to said complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The contention of respondent is that the lease in question amounted to a leasing for the specified term of one year, and that, in the absence of an express agreement to do so, he is not legally obligated to repay said rent money so advanced to him by appellant. In some jurisdictions there seems to be a common-law rule to the effect that, where there is a covenant on the part of the lessee to pay rent for a specified term, and the leased buildings are destroyed by fire, the tenant is not relieved from the payment of rent unless he has protected himself by a covenant in the lease. Harvey v. Weisbaum, 159 Cal. 265, 113 Pac. 656, 33 L. R. A. (N. S. 540, Ann. Cas. 1912B. 1115. This rule, however, is not in effect in this state, having been changed by statute. Sections 1054 and 1056, Code 1919. These sections of our Code are identical with sections 1933 and 1935 of the California Civil Code.

[2] Respondent cites and relies upon the decision in Harvey v. Weisbaum, which holds that, notwithstanding the termination of the lease by virtue of the statute, still, in the absence of a contract to do so, no obligation exists on the part of the lessor to repay rent in advance for the time the lease runs after the destruction of the property. We are not convinced as to the soundness of this holding, although we are not unmindful of the fact that in Minnesota, under a similar statute, there have been like holdings. Galbraith v. Wood, 124 Minn., 210, 144 N. W. 945, 50 L. R. A. (N. S.) 1034, Ann. Cas. 1915B, 609. Appellants contend that the leasing was from month to month, but we are of the view that whether the leasing was for a specified term of one year or from month to month is not material, as the result should be the same in either case. Section 1054 of our

statute provides that the destruction of the thing leased terminates the lease. This section applies to a lease of a building or a portion thereof, and would apply as well to a lease from month to month as to one for the specified term of one year. Section 1056 provides that, where a lease is so terminated before the time originally agreed upon, the lessee must pay the due proportion of the rent for the time he has actually made use of the leased property. From and after the time of the destruction of the leased property, by virtue of this statute, a tenant is under no obligation to pay rent for the balance of the term. Where there has been a destruction of leased property, without fault of the tenant, and where rent has been paid in advance that would have been earned after such destruction, the lessor holds in his hands money for which the tenant has received no value, and which in equity and good conscience belongs to the tenant, and for which an action will lie. A New Jersey statute, in legal effect, in so far as it relates to the termination of the lease and the ceasing of the obligation of the tenant to pay rent after destruction, is the same as the statute of this state. Under very similar circumstances the Supreme Court of that State, in Carley v. Liberty Hat Co., 81 N. J. Law, 502, 79 Atl. 447, 33 L. R. A. (N. S.) 545, held that rent paid in advance as would have been earned after the destruction of the building might be recovered by the tenant.

We are of the opinion that it was error to sustain the demurrer to the complaint. The order and judgment appealed from are reversed, and the cause remanded for further procedure in accordance with this decision.