Johnson, J.
The decisive question in the case will be answered by the proper construction of the provision of the lease with reference to the deposit of $750 made by the lessee, to cover the last five months of the five-year term. That clause reads as follows: “That they [the lessees] deposit with said lessor upon delivery of this lease the sum of $750 in payment for the last five months’ rental of the five year term. The lessor for herself or executors, administrators and assigns, agrees to pay said lessees as interest the sum of $37.50 per annum, payable semi-annually, for four years and seven months of this lease.”
It is contended by the plaintiff in error that under this provision of the lease the $750 was payment in advance for the last five months of the five-year term of the lease, and that on forfeiture, by reason of the breach of the covenants on the part of the lessee, defendant in error is not entitled to any refunder of any portion of that amount.
The defendant in error contends substantially that it is manifest from the provisions of the lease and the particular clause in question that the deposit was intended by the parties as security for the performance of the covenants of the lease, up to the beginning of the last five months, and was to be then applied as payment for the rent during the rest of the term, and that inasmuch as the forfeiture was declared by the owner, and re-entry made by him before the beginning of the last five months, the lessee is entitled to a return of the money.
It is contended by the plaintiff in error that this case is ruled by the decision in Felix v. Griffiths, 56 *268 Ohio St., 39. In that case a tenant sought to recover a portion of a month’s rent paid by him on a lease which provided for the payment of $1,500 per year for the demised premises, payable $125 per month in advance, on the ground that the premises having been destroyed by fire, and injured so as to be unfit for occupancy, had been surrendered by the lessee to the lessor by virtue of a clause in the lease permitting a surrender on account of fire. The court held that “At common law, where there is a covenant on the part of the lessee to pay rent for the term, and buildings on the demised premises are destroyed by fire, the tenant is not relieved from the payment of rent unless he has protected himself by a provision in the lease to that effect,” and that “in giving construction to a provision of a statute, or a contract, which attempts to abrogate, or modify, a well established rule of the common law, the scope of the provision should not be extended beyond the plain import of the words used if reasonable effect can otherwise be given to it. ” The claim of the tenant in that case was not sustained by the court, on the ground that no provision for the repayment had been made under the contract, and that the common-law rule prevailed. The court, at page 45, ■ says “they selected the terms in which the exemption from liability should be couched, and, in distinct language, limited that exemption to exoneration of the lessee from payment after the 'surrender, leaving, as it seems to us, a plain inference that where paid before the surrender, the ordinary rule would apply.”
Section 8521, General Code, contains substantially the same modification of the common-law rule. It *269 jjrovides the lessee shall not be liable to payment after snch destruction, etc.
In that case there was clearly a payment made for the entire month, during which period the fire occurred. In this case the language of the lease itself refers to the $750 as a “deposit with said lessor upon delivery of this lease the sum of $750 in payment for the last five months’ rental of the five year term.”
It is conceded that the forfeiture of the lease occurred long prior to the commencement of the last five months of the term of the lease, and, as indicating the intention of the parties, it is provided in the same clause of the lease “the lessor * * * agrees to pay said lessees as interest the sum of $37.50 per annum, payable semi-annually, for four years and seven months of this lease.” The $37.50 is five per cent, interest on the amount of the deposit, $750, and is a clear indication that the parties did not regard the $750 as a consideration for the making of the contract, for in that case the sum paid would have belonged to the lessor at the time of its payment and there would have been no reason for the payment of interest thereon.
A reading of this entire paragraph of the lease unavoidably leads to the conclusion that it was intended that the lessee should “deposit” $750 as security for the performance of the covenants of the lease on the part of the lessee, and that during the last five months of the term it should be applied on the rent.
The provision for the payment of the rent during the term itself was as follows: “Yielding and paying therefor the sum of $9,000, payable as follows: *270 $150 upon the signing of this lease, which shall be the first month’s rental, then $150 per month in advance on the first day of each and every month succeeding until the sum of $9,000 shall have been paid.”
. There is not indicated in this provision any intention to require the payment of any sum as a consideration for the making of the contract itself.
The provision as to forfeiture reads:
“If any of said lessees * * * shall make an assignment for the benefit of creditors * * * it shall be lawful for said lessor, her heirs or assigns, at her option, to enter into said premises, and again have, repossess and enjoy the same as if this lease had not been made. And thereupon this lease and everything herein contained on the part of said lessor to be done and performed shall cease, determine and be utterly void; without prejudice, however, to the right of the lessor to recover from said lessees or assigns all rent due at the time of such entry.”
. It is further contended by the plaintiff in error that he is entitled to hold the $750 to cover any possible deficiency in rents hereafter received.
It will be observed that this contention conflicts with the claim that the $750 was a payment to the lessor for the contract, because it concedes that the money still belongs to the lessee.
It was provided in the lease that in case of any default by the lessee, and entry by the lessor, the lessor might relet the premises for the remainder of the term for the highest rent obtainable and recover from the lessee any deficiency between the amounts so obtained and the rent thereinbefore reserved.
*271 In the answer to the amended cross-petition of the defendant, the plaintiff avers that he can not determine whether the amount of the rent received for the balance of the term of the lease will secure the-rent for said period reserved in the lease; but there is no averment in the answer, nor indeed is it claimed, that there has been or probably will be a deficiency. There is no claim that the lessor has sustained any damage whatever. He himself elected to terminate the lease, as he had the right to do, non constat that he may have made a more profitable lease to a new tenant. Nor can the deposit of $750 be regarded as liquidated damages for breach of the covenant. The language used does not in any way bring it within the rule as to stipulations of liquidated damages. Sheffield-King Milling Co. v. Domestic Science Baking Co., 95 Ohio St., 180.
In 24 Cyc., 1143 (b), the rule is thus declared:
“Where a tenant deposits money as security for the payment of rent and the performance of the covenants of the lease, and is dispossessed during the term for failing to pay rent, the deposit is not forfeited; the tenant is entitled to recover the balance remaining after deducting therefrom the amount of damages suffered by the landlord from the breaches of covenants on his part prior to the dispossession.”
In the case before us there is no claim of any damages by the lessor on account of the breach by the tenant of the covenants on his part.
The plaintiff in error relies on the case of Galbraith v. Wood, 124 Minn., 210. In that case there was a proposal to take a fifteen-year lease of a hotel, and the lessee’ offered to pay the lessor the sum of *272 $20,000 as an advance payment on the rent, and agreed to keep such advance good during the first five years of the term, with the privilege of reducing at the rate of $6,666.66 per year for the third, fourth and fifth years of the term. The proposal was accepted, the advance payment made, and the lease executed. Within six months after the lessee went into possession the lessor terminated the lease because the tenant had been adjudged a bankrupt, as she had the right to do under the terms of the lease. It was held: “On the pleadings and evidence, the $20,000 was not paid as security, or as a bonus or independent consideration for the lease, but such payment was made as an advance payment of rent to become due for the third, fourth and fifth years of the term” and that “Upon the bankruptcy of the lessee, the lessor had the right to terminate the lease and enter the premises, but no right to re-enter without terminating the lease.” And it was also held that “Upon the termination of a lease for conditions broken, the lessor is entitled to rent which had previously become due, but not, in the absence of an express agreement, entitled to recover rent subsequently to become due.” And that “Where rent has been paid in advance, under an agreement that it shall be so paid, and the lessor re-enters for conditions broken, he is entitled to retain the rent so paid, though the re-entry is before the expiration of the period for which the rent is paid.”
In that case suit was brought to recover the sum paid by the lessee pursuant to his proposition, less the rent for that portion of the term for which he was in possession. Owing to the express provisions of the lease itself recovery Avas denied, and the court *273 at page 214 says: “We feel obliged to hold that the claim of plaintiff that the money was deposited as security is not sustained by the pleadings or the evidence.”
Now in this case, the question whether the money was a payment on the contract, or a “deposit” as security, is the paramount question. In that case it was not paid as security, and in this case we think it manifestly was. There is nothing in the lease to indicate that the deposit should be a payment, or treated as a payment, unless the lessee continued in possession until the last five months of the term. The $750 was an interest-bearing deposit, which, when the rent for the last five months of the term' should accrue, was to be applied to that purpose, and inasmuch as the lessor by his own act, exercising his right under the contract, elected to terminate the lease before that period began, the tenant is entitled to the return of the money less the amount of rent due at the time the lessor actually acquired possession.
In 16 Ruling Case Law, 1137, Section 658, it is said: “A forfeiture of the term does not release the tenant from liabilities under the lease which had accrued at the time of the forfeiture, but a forfeiture, which the lessor elects to assert, terminates the lease and with it all accrued liabilities of the lessee upon his covenants and stipulations in the lease dependent upon the continuance of the term. ’ ’ Thus as a general rule the lessee is relieved from liability for subsequently accruing rents in the absence of a stipulation in the lease for his continued liability.
*274 The judgment,will be affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson and Jones, JJ., concur.