### ALBERT KRAFTING v. JAMES H. QUICK.[1]

May 7, 1926.

No. 25,302.

**New trial granted unless reduction in verdict was accepted.**

Lease for three years terminated by consent at end of first year. Suit for rent for that year; defense fraud and a counterclaim. The jury were directed to allow $600 as rent if they found for plaintiff on the issue of fraud. A payment had been made which was overlooked and not deducted in fixing the amount. *Held* that the court rightly granted a new trial unless plaintiff consented to reduce his verdict by the amount of the payment.

. New Trial, 29 Cyc. p. 1020 n. 21.

Action in the district court for Dakota county upon two instalments of rent. The case was tried before Schultz, J., and a jury which returned a verdict in favor of plaintiff. Plaintiff appealed from an order granting defendant a new trial on the ground of error in the charge to the jury, unless plaintiff consented to a reduction of the verdict. Affirmed.

*Edward P. Kelly*, for appellant.

*C. S. Lowell*, for respondent.

TAYLOR, C.

Plaintiff recovered a verdict. The court granted a new trial solely on the ground of error in the charge to the jury. Plaintiff appealed.

[1]Reported in 208 N. W. 804.

Plaintiff leased a farm to defendant for a term of three years beginning October 1, 1923, for a cash rental of $1,800, of which $300 was paid at the making of the contract and $300 was to be paid on the first day of each May and October during the term. Defendant moved upon the farm on September 27, 1923, and proceeded to make some repairs on the buildings for which he was to be allowed credit on his rent. He planted a crop in the spring of 1924, but claims that he found the fields broken into irregular tracts by ledges of rock and that in a considerable portion of them the layer of soil above the ledge was so thin that it could not be worked profitably. He complained that he could not make a living on the place under the contract, and there were negotiations in June and July, 1924, looking to the making of a new contract on different terms but no agreement was reached. He insisted on terminating the contract at the end of the first year and plaintiff apparently consented. Defendant removed from the farm September 27, 1924, one year from the day he took possession of it. Plaintiff brought suit for the two instalments of rent of $300 each, payable respectively on May 1 and October 1, 1924. In his answer defendant asserted that he had been induced to enter into the contract by false representations concerning the character of the land, and also interposed a counterclaim for the improvements he had made and for some other items. At the trial defendant's attorney started to offer testimony to show a delivery of possession to plaintiff at the time defendant removed from the place, but desisted on the statement of plaintiff's attorney that delivery of possession at that time was conceded and that "all we are asking for here is the rent that was due when he got off the place."

The court instructed the jury: "If you find in favor of plaintiff on the question of fraud, he is entitled to recover the sum of six hundred dollars, and your verdict will be in the sum of six hundred dollars and interest." This was followed by a direction to deduct from the amount due plaintiff the amount allowed defendant on his counterclaim. The fact that defendant had made the payment of $300 at the beginning of the term was evidently overlooked, for no

reference was made to it in the charge. The jury returned a verdict of $471.50 for plaintiff. The court granted a new trial for the sole reason that it had erroneously "eliminated from the consideration of the jury the $300 in cash that was paid by the defendant." The order provided however that a new trial should be denied if plaintiff consented to deduct that sum from the verdict.

The rent was $600 per year. The lease had been terminated by mutual consent, and defendant had surrendered possession three days before the expiration of the first year and before the instalment of rent payable October 1, 1924, had become due. This instalment represented the first half of the rent for the second year. A discussion of the rules relating to instalments of rent where the lease is terminated before the end of the term will be found in Galbraith v. Wood, 124 Minn. 210, 144 N. W. 945, 50 L. R. A. (N. S.) 1034, Ann. Cas. 1915B, 609, although that case is the converse of this.

The charge was given on the assumption that the rent for the entire year that defendant had occupied the premises was due and unpaid, and we think the court acted correctly in granting a new trial unless plaintiff consented to the reduction.

Order affirmed.