(21 App. Div. 94.)

PEEKSKILL, S. C. & M. R. CO. v. VILLAGE OF PEEKSKILL.

(Supreme Court, Appellate Division, Second Department.   October 5, 1897.)

BREACH OF CONTRACT—LIQUIDATED DAMAGES.
    Where, upon breach of a contract, it appears that damage may have been sustained which would be difficult to establish, and a sum, not unreasonable, was stipulated for in the contract as liquidated damages for the breach, such stipulation is not to be treated as a penalty, but is given effect as a stipulation for liquidated damages, in accordance with its terms.

Appeal from special term, Westchester county.

Action by the Peekskill, State Camp & Mohegan Railroad Company against the village of Peekskill.   From a judgment for defendant, plaintiff appeals.   Affirmed.

47 N.Y.S.—20

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

C. Walter Artz and Frank Sullivan Smith, for appellant.

David Wiley Travis, Franklin Couch, and Leverett F. Crumb, for respondent.

HATCH, J. The determination of the question presented by this appeal rests upon undisputed facts. The plaintiff is a railroad corporation organized under the general provisions of the railroad law. It presented an application to the board of trustees of the village of Peekskill for a franchise to construct, maintain, and operate a surface street railroad in the streets of the said village. The franchise was granted, and the parties entered into a contract in pursuance of a resolution duly passed by said board of trustees. This contract provided, inter alia, that in consideration of the franchise the plaintiff would establish, within one year from the date of its acceptance, a street railroad in certain streets of the village, and operate and maintain the same. In the event of failure upon its part to so construct, maintain, and operate, the sum of $10,000, which it was required to deposit with the treasurer of the village of Peekskill as a guaranty of good faith, should immediately, upon the expiration of the year, "be and become absolutely the property of the village of Peekskill, for its uses and purposes, as liquidated damages for said failure, and not by way of penalty." There was nothing defective in the form or substance of the grant which the railroad company acquired of the village. There was, however, no compliance with its terms and conditions; and the plaintiff never established, maintained, and operated a street railroad as required by the grant, and failed to fulfill the contract made by it with the village authorities. The plaintiff seeks by this action to have the grant annulled, the contract rescinded, and a recovery had of the $10,000 deposited as aforesaid. The plaintiff avers in its complaint that the franchise and contract were impracticable in requirement, and that it was induced to accept the same, execute the contract, and pay the money by the fraud of the defendant. What fraudulent acts were done by the defendant, its officers and agents, the complaint fails to state; and the case is barren of proof to sustain the allegation, even to the extent made. If the plaintiff was foolish enough to accept an impracticable grant, it cannot be heard to complain, as there is nothing to show that it did not understand just what it was getting, and in fact obtained what it contracted for. We have heard before of fraud practiced by corporations to obtain a grant, but this is the first time we have been asked to consider as fraudulent a grant made by a municipal corporation, for which a railroad corporation asked. We must decline to believe that this corporation was defrauded when it asked for what it obtained, and obtained that for which it asked. The only question which the case presents relates to the $10,000. Is this sum to be treated as a penalty, or as liquidated damages, for the breach of the contract? The village made provision for a railroad for the quick transit of its inhabitants. The plaintiff agreed to furnish it, and failed. It may

be that, at the time when this corporation asked for and obtained the grant, others stood ready to furnish what the village was desirous of obtaining. The village has no railroad, and is therefore damaged. How much it is damaged may not be, and probably is not, susceptible of proof. It may be damaged in a very large sum, and yet under any legal rule it would be quite difficult, if not impossible, to prove its damage. By the terms of the contract the village evidently had in mind three things which it wished certainly to provide for: First, to compel a deposit by the plaintiff as a guaranty of good faith; second, to provide a fund to protect itself from any damage it might sustain by the construction of the road, in the interference with and tearing up of its streets; third, for such damages as it might sustain by a failure to construct the road. As the difficulty of legally establishing its damages under the last two heads would be attended with great embarrassment, and under the last nearly impossible, we think it was the intent of the defendant, fairly to be gathered from the contract and the surrounding circumstances, to contract for this sum as liquidated damages, and not as a penalty. The sum does not seem to be unreasonable in amount, or disproportionate to the actual damage which may have been sustained. It is needless to discuss and point out the distinction which exists in the cases relating to stipulations for damage in cases of breach of contract. In some of them, although the stipulation in words provided that the sum specified should be regarded as liquidated damages, the courts construed it as meaning a penalty. But this was done to prevent great injustice being worked, and relieve from hardship. No case in this country has gone to the extent of holding, where the nature of the contract clearly showed that damage may have been sustained, which would be difficult to establish, and a sum, not unreasonable, was stipulated for as liquidated damages for the breach, that such stipulation was to be treated as a penalty. On the contrary, under such circumstances the court had uniformly given effect to such stipulation as one for liquidated damages, in accordance with its terms. Clement v. Cash, 21 N. Y. 253; Ward v. Building Co., 125 N. Y. 230, 26 N. E. 256; 1 Sedg. Dam. (5th Ed.) § 394 et seq. There is nothing in this case which should take it out of the operation of the rule applied in the cases cited.

The judgment should be affirmed, with costs. All concur.