### CAESAR v. RUBINSON et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. LEASE—DEPOSIT BY TENANTS—LIQUIDATED DAMAGES OR PENALTY.

    Defendants leased vacant property to plaintiff's assignors for $3,300 per year, payable in monthly installments of $275, and, pursuant to agreement with the lessees, erected a brick structure on the land. The lessees at the time deposited $1,000 with the lessors, "as security for the faithful performance of the agreement, and in case of a breach thereof by said tenants said amount shall be paid and retained by said landlords as liquidated damages, but, in case the actual damage shall be greater than $1,000, then such sum shall be applied on account of such damage, and said tenants be still liable for the balance thereof," etc. *Held*, that the $1,000 was liquidated damages, and not a penalty, and, the lease being broken by the lessees, could be retained by the lessors, though only $45 rent was due and unpaid.

2. SAME—RULE OF CONSTRUCTION.

    In determining whether such deposit was, in contemplation of law, liquidated damages or a penalty, the instrument should be construed with reference to the conditions existing at the time of its execution, and not at the time of the breach.

    Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Kate Caesar against Jacob Rubinson and another to recover a sum of money deposited with defendants by plaintiff's assignors as security for the faithful performance of the condi-

tions of a lease. Verdict directed for plaintiff, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and LAUGHLIN, JJ.

J. C. Weschler, for appellants.
Moses Feltenstein, for respondent.

HATCH, J. On June 27, 1899, the defendants and Jacob Goldberg and Adolph Goldstein made a lease of certain premises situate in the borough of Brooklyn. There was no building upon the said premises when the lease was entered into, but the defendants agreed to and did erect thereon a brick building, containing stores, halls, a gallery, and meeting rooms. The rent stipulated in the lease was $3,300, payable in monthly installments of $275 on the 1st of each month. At the time of the making of the lease the lessees deposited with the lessors the sum of $1,000 under the following conditions, as provided in the lease:

"The said tenants shall deposit and have deposited with said landlord the sum of one thousand ($1,000) dollars, the receipt whereof is hereby acknowledged, as security for the faithful performance of this agreement on their part, and, in case of a breach thereof by said tenants, said amount shall be paid and retained by said landlords as liquidated damages for such breach, but, in case the actual damages suffered by said landlords through such breach shall be greater than the sum of said one thousand ($1,000) dollars, then such sum shall be applied on account of such damage, and said tenants be still liable for the balance thereof. Interest at the rate of six (6) per cent. shall be paid and allowed by the landlords to the tenants on said sum of one thousand ($1,000) dollars from the beginning of the term, such interest to be deducted from the monthly rent to be paid as hereinbefore provided; and that this agreement and all covenants thereunder shall be well and faithfully kept and performed by said tenants, then said sum shall be held by said landlords, and shall be applied in part payment of the rent for the last four months of the term hereinbefore provided for."

Another clause of the lease provided that, should the lessees vacate the premises or leave rent unpaid during the term, the landlords might re-enter and relet the premises, such rent to be applied to the payment of rent due, and "said tenants shall remain liable for any deficiency over the deposits made, as hereinbefore provided for."

After the erection of the building, the tenants entered into possession, and rent was duly paid up to March 1, 1901; but the rent for the month of March was not fully paid, a balance of $45 remaining unpaid. Summary proceedings were commenced for the possession of the premises, and on April 3, 1901, a warrant was issued to remove the tenants from the premises. All right, title, and interest in the aforesaid $1,000 was duly assigned by the lessees, and the plaintiff herein now holds the same. This action was brought to recover the sum deposited as security for the faithful performance of the covenants of the lease. At the close of the trial both parties moved for the direction of a verdict. The court denied the defendants' motion, and directed a verdict in favor of the plaintiff for the sum of $955, being the amount on deposit, less the amount of rent remaining due and unpaid, and to such direction the defendants duly excepted.

The disposition of this case turns upon the question as to whether the deposit is to be treated as liquidated damages for a breach of the covenant contained in the lease or as a penalty. The rule of law which governs the construction of such contracts is reasonably well settled. The question is to be determined upon the intention of the parties as gathered from the language used in the contract, considered in the light of the circumstances and conditions as they existed at the time when it was made. Where the language is clear and explicit, providing that the sum reserved is to be regarded as liquidated damages, effect will be given to such language, unless the damages resulting from the breach are definitely ascertainable, and the sum reserved is so great as to be an unconscionable measure for the damage sustained. Curtis v. Van Bergh, 161 N. Y. 47, 55 N. E. 398. If, however, the damages are certain, and may be easily ascertained, and the sum reserved is unconscionable, although the language, in terms, expressly declares the sum to be liquidated damages, and not a penalty, courts have uniformly disregarded the express language, and declared the same to be a penalty. This construction is arrived at by a consideration of the whole instrument and the surroundings, and therefrom deducing an intention of the parties to regard the sum reserved as a penalty. Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358; Peekskill, S. C. & M. R. Co. v. Village of Peckskill, 21 App. Div. 94, 47 N. Y. Supp. 305, affirmed 165 N. Y. 628, 59 N. E. 1128. While the courts declare that it is the intention of the parties which governs, and thereby disregard express language, in reality the rule of construction is adopted to prevent injustice, relieve from hardships, and deny right to enforce an unconscionable and inequitable agreement.

The language in the present case is clear and unmistakable in providing that the $1,000 should be regarded as liquidated damages. These are the terms of the instrument, and in addition thereto provision was made for an award of further damages in excess of the sum of $1,000 in the event it should be sustained. So far, therefore, as the language of the contract is concerned, the parties have, in definite terms, expressed their intention respecting the deposit. In addition thereto it appears that at the time when the contract of lease was made the land was vacant, and the arrangement between the parties contemplated that the defendants would be put to a very large expense in order to enable them to furnish a building which should answer the requirements of the lease. It is not unreasonable, therefore, to presume that the parties had in mind that a breach of the contract, in view of this large expenditure of money, might inflict upon them serious damage, which would be difficult of accurate ascertainment, and in many respects might be impossible to establish. It is readily seen that had the lessees made breach of their contract during the course of the building, or after it was finished and before entry, the defendants might be damnified thereby much more than the sum of $1,000. So that there existed in this case all of the elements which have usually been found sufficient to authorize an enforcement of the instrument according to its terms, and to conclude therefrom, in view of the circumstances

surrounding the execution, that it was the intention of the parties to so regard it. The instrument is not to be construed with reference to the conditions as they existed at the time when the breach of the covenant to pay rent happened. On the contrary, it is to be construed solely with reference to the language used and the surrounding circumstances as they existed at the time when the instrument was executed. It seems clear that at that time the provision of the $1,000 as liquidated damages was a reasonable provision for the damage which might have been sustained by an immediate breach, and before entry. This being the conclusion at which we have arrived, it results in a holding that the defendants, by reason of the breach, were entitled to retain the $1,000 as liquidated damages.

Respondent claims that the case of Chaude v. Shepard, supra, is controlling and conclusive of her right to recover, and that the necessary construction of this clause is that the deposit was a penalty, and not liquidated damages. An examination of that case, however, shows that it was an ordinary lease of a building in existence at the time when the lease was made; that the breach of covenant was for the nonpayment of rent; and that as the damages arising out of such breach were capable of accurate ascertainment, and the sum reserved was largely in excess of such damage, it was required, under well-settled authority, to construe the same as a penalty, and not as liquidated damages. In the present case, as we have seen, both of these elements were lacking. The damages which might have been sustained by reason of the erection of the building might not have been accurately ascertained, and damages for a breach arising out of it might be much in excess of the sum deposited, and the parties evidently contemplated this condition by making provision for the payment of such further damage as might be established in the event of a breach. The two cases are therefore clearly distinguishable.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. (dissenting). I do not think that the $1,000 can be considered as liquidated damages. According to the language of the agreement, if there was any breach of its condition the $1,000 were to be liquidated damages in case the damages to be proved were not equal to that amount, but in case the damages which could be proved exceeded that amount the $1,000 were not to be liquidated damages. I am unable to comprehend how the amount fixed in an agreement can, by the terms thereof, be both liquidated and unliquidated.

LAUGHLIN, J. (dissenting). I dissent on the ground that the deposit was made as security for the damage, and not as liquidated damages. Here no damages are shown except the $45 rent, which has not been paid, and therefore that is the only amount recoverable on this record.