(38 Misc. Rep. 546.)

SCHREIBER v. COHEN et al.

(Supreme Court, Special Term, New York County.     August, 1902.)

1. PENALTY OR LIQUIDATED DAMAGES.
     Defendant made a deposit with his landlord for liquidated damages, as alleged in the lease.     The entire building was in existence when the lease was executed, and the breach was nonpayment of rent.     *Held*, that the deposit would be treated as a penalty, where the damages were ascertainable accurately, and the deposit largely exceeded them.

     Action by Henry C. Schreiber against Herman Cohen and Josephine Trier.     Verdict for plaintiff.     Motion to set aside.     Denied.

     ¶ 1. See Damages, vol. 15, Cent. Dig. §§ 169, 170, 175.

Lewis Johnston and Edward W. S. Johnston, for plaintiff.
Maurice Rapp, for defendants.

CLARKE, J. The plaintiff's assignor made a lease of "all that double store and extension thereof, together with the whole of the floor above said store, in the premises known as number 324 East Seventy-First street," for the term of 9 years and 6 months, at a yearly rent of $1,560, to be paid in monthly payments of $130 each. The tenant was dispossessed for nonpayment of one month's rent. The plaintiff brought an action to recover money deposited with the land-lords defendant under the following clause of the lease:

"The party of the second part has deposited with the party of the first part the sum of $500, which sum shall remain in the hands of the parties of the first part (the landlords) as and for security for the faithful perform-ance of all the covenants and agreements by the party of the second part in this lease contained. If the said party of the second part shall fail to perform any of the conditions of this lease, or fail to keep and perform any of the agreements or covenants of this lease, then the parties of the first part shall, at their option, be entitled to hold the said sum of $500 as and for liquidated damages for such breach. If the party of the second part shall faithfully perform said covenants and agreements, then said sum of $500 shall, upon the party of the second part paying an additional sum of $20 thereto, be applied by the parties of the first part towards the payment of the last four months' rent in said term. The parties of the first part agree to pay to the party of the second part interest on said sum of $500 at the rate of 5 per cent. per annum, payable semiannually. The parties of the first part, as soon as they can obtain permission from the proper authorities, will erect the extension of one story upon the yard of said premises, to the extent allowed by the building department, and will also make one store out of the two single stores now in said premises."

The plaintiff has obtained a verdict for $657.71. The defendants move to set aside the verdict, claiming that on authority of Cæsar v. Rubinson, 71 App. Div. 180, 75 N. Y. Supp. 544, the defendants are entitled to retain the $500 deposited as liquidated damages. In the case cited, Judge Hatch, delivering the opinion of a majority of the court, stated:

"The disposition of this case turns upon the question as to whether the deposit is to be treated as liquidated damages for a breach of the covenant contained in the lease, or as a penalty. * * * The question is to be deter-mined upon the intention of the parties as gathered from the language used in the contract, considered in the light of the circumstances and conditions as they existed at the time when it was made. Where the language is clear and explicit, providing that the sum reserved is to be regarded as liquidated damages, effect will be given to such language, unless the damages resulting from the breach are definitely ascertainable, and the sum reserved is so great as to be an unconscionable measure for the damage sustained. Curtis v. Van Bergh, 161 N. Y. 47, 55 N. E. 398. If, however, the damages are certain, and may be easily ascertained, and the sum reserved is unconscion-able, although the language in terms expressly declares the sum to be liqui-dated damages, and not a penalty, courts have uniformly disregarded the express language, and declared the same to be a penalty. This construction is arrived at by a consideration of the whole instrument and the surroundings, and therefrom deducting an intention of the parties to regard the sum re-served as a penalty. Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358; Peeks-kill, S. C. & M. R. Co. v. Village of Peekskill, 21 App. Div. 94, 47 N. Y. Supp. 305, affirmed 165 N. Y. 628, 59 N. E. 1128."

In that case the appellate division reversed a judgment in favor of the plaintiffs in an action to recover $1,000 deposited by the tenants as security for the faithful performance of the agreement on their part. The court laid special stress on the fact that when the lease was made the land was vacant, and that defendants agreed and did at great expense erect a brick building to answer the requirements of the lease. Judge Hatch says:

"It seems clear that at that time the provision of the $1,000 as liquidated damages was a reasonable provision for the damage which might have been sustained by an immediate breach and before entry."

In the lease before me the defendants covenant to erect a one-story extension, and make one store of the two single stores now in the premises, but it does not appear that this was to be done before entry, or that the lease was dependent upon the alterations. The lease is dated October 21, 1890, and is to commence November 1, 1890, but the landlords are to erect the extension "as soon as they can obtain permission from the proper authorities," and no evidence was offered at the trial to prove that these alterations were ever made by the landlords. Moreover, the $500 deposited is to be received, at the option of the landlords, in case of a breach of his covenants by the tenant. It is not agreed, therefore, that the $500 is to be liquidated damages in any event, but only in case the landlords so desire; in other words, the damages are not liquidated. I am of the opinion that this case falls within the rules under which this court must disregard the descriptive words used, and, looking at the lease as a whole, conclude that the $500 deposited should be regarded as a penalty. All the characteristics by which the appellate division distinguish Chaude v. Shepard, supra, are found in this case. It is an ordinary lease of a building in existence at the time when the lease was made. The breach of covenant was for nonpayment of rent, and the damages arising out of such breach were capable of accurate ascertainment, and the sum reserved was largely in excess of such damage.

Motion denied.