### ERIE BAKING CO. v. HUBBARD MILLING CO

(Circuit Court of Appeals, Third Circuit. November 10, 1914.)

No. 1847.

SALES (§ 384*)—BREACH OF CONTRACT—GOODS TO BE MANUFACTURED—DAMAGES.

Plaintiff contracted to sell and deliver to defendant 10,000 barrels of flour to be manufactured. Plaintiff purchased wheat from which to make the flour, but after the first shipment defendant wrongfully refused to accept further deliveries. In the meantime wheat had declined in price. *Held* that, upon such facts, the usual measure of damages for breach of sale contracts would not compensate plaintiff, which was entitled to recover the amount of the decline in the value of the wheat between the time it was bought after the making of the contract, and the breach of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*

Contracts for sale of things to be produced or manufactured, see note to Star Brewery Co. v. Horst, 58 C. C. A. 363.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action at law by the Hubbard Milling Company against the Erie Baking Company. Judgment for plaintiff, and defendant brings error. Affirmed.

T. A. Lamb, of Erie, Pa., for plaintiff in error.

Alexander J. Barron, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. In this suit the Hubbard Milling Company, of Minnesota, charged the Erie Baking Company, of Pennsylvania, with breaking a contract made in September, 1910, to accept 10,000 barrels of flour at an agreed price. Deliveries were to be made during the five months immediately following, and the flour was to conform in quality to a specified standard. Of the first installment 750 barrels were shipped, accepted, and paid for, but (although they were tested and accepted) the Baking Company declared itself not satisfied with the quality, and on October 24th announced its refusal to go on with the contract. The principal dispute at the trial was over

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the quality of the 750 barrels, and the verdict of the jury has settled that question in favor of the Milling Company.

The only controversy upon this writ of error is about the proper measure of damages. At the time the contract was made the Milling Company did not have the flour on hand, so that the parties agreed, not upon the sale of an article already made, but upon the manufacture and sale of an article not yet in being. For the breach of such a contract it is apparent that the measure of damages generally applied —namely, the difference between the price agreed upon and the market price at the time of breach—may not properly compensate the manufacturer, and in that event another measure that will compensate him should be applied. What the measure is to be will depend on the facts of the particular case. The evidence here shows that the Milling Company went into the market immediately upon the making of the contract and bought wheat for future delivery in sufficient quantity to meet its obligation, and when the Baking Company unlawfully broke the contract this raw material was either in the Milling Company's possession or was to be delivered under agreements that had already been made and were only awaiting execution. When the cancellation of the contract was announced, the price of wheat had gone down, and for this loss—9½ cents a bushel—the Baking Company was properly charged. The verdict is simply for this amount with some further deduction.

But in the charge of the court the jury were instructed that the plaintiff was entitled to recover, not only the loss referred to, but also the profit that the plaintiff would have made if the contract had been fully completed and all the flour had been manufactured. This instruction is specially attacked as erroneous, and much of the oral argument was devoted to this subject. On the present record, however, the question is academic, and we do not feel bound to discuss it. The verdict made no allowance for profits, and the defendant has therefore suffered no injury, even if the instruction complained of were erroneous—a matter about which we intimate no opinion whatever.

The measure of damages in similar cases is considered in a note to Gardner v. Deeds, 4 L. R. A. (N. S.) at page 740, where many decisions are collected. A later reference is Ridgeway, etc., Co. v. Penna. Cement Co., 221 Pa. 160, 70 Atl. 557, 18 L. R. A. (N. S.) 613.

The judgment is affirmed.