KING MIDAS MILL COMPANY, a Foreign Corporation, Appellant, *v.*
MONTAUK WHOLESALE GROCERY COMPANY, Respondent.

Second Department, January 7, 1935.

*Morris N. Bobis* [*H. L. Hoidale* with him on the brief], for the appellant.

*Israel J. Beck*, for the respondent.

DAVIS, J. The plaintiff brought this action to recover damages on written contracts for the sale of flour to be thereafter manufactured and shipped from time to time as the needs of the defendant required, according to shipping directions given by it. There has been partial breach by defendant by failing to give such shipping directions or to take the remaining part of the flour covered by the contracts, although plaintiff was ready, able and willing to perform.

The trial resulted in findings for defendant and a dismissal of the complaint, chiefly on the ground that the provisions in the contracts for liquidated damages were void. Counterclaims interposed in defendant's answer were dismissed.

There were provisions in the contracts for calculating the amount of damages resulting from failure to perform. These provisions were not entirely unilateral, for the defendant might benefit if there were an advance in the price of wheat, which formed the basis of the contracts. We reach the conclusion that the terms in respect to damages were fair, reasonable and equitable.

In brief, the general custom in filling such contracts, as was commonly known, was that the seller would buy wheat sufficient in amount to manufacture the flour the purchaser had ordered, and that on breach of the contract by the buyer the wheat was to be sold. The damages definitely fixed in the contract were based on the following elements: the difference in the price of wheat purchased on the day the contract was made and the price on the day when the contract came to an end by breach by defendant and cancellation by the plaintiff; the cost of buying the wheat; the expense of unloading the wheat from cars to the elevator; the carrying charges of the wheat before manufacture into flour; the expense of selling the wheat after breach; and lost profits on the contract. These were all capable of ready and accurate computation on the basis fixed in the contract and readily understandable, and were fairly representative of damages which would naturally flow from the breach.

It was intended by the parties, in making this provision for computation of damages, to obviate the necessity of making proof of particular damages in jurisdictions sometimes remote from plaintiff's place of business and involving much difficulty and inconvenience in making such proof. The provisions in the contracts as to damages are justified by the statute in this State (Pers. Prop. Law, § 145, subds. 2, 4; § 151). These provisions did not partake of the nature of a penalty; and it was so agreed in the contract. There can be no doubt as to the intent of the parties; and in such case, where the damages are uncertain in nature or amount or are difficult of ascertainment, and where the amount stipulated is not disproportionate to the amount of loss, contracts of this nature in respect to damages will be sustained. (*Wise* v. *United States*, 249 U. S. 361, 365; *Cotheal* v. *Talmage*, 9 N. Y. 551; *Kemp* v. *Knickerbocker Ice Co.*, 69 id. 45, 57, 58; *Ward* v. *H. R. B. Co.*, 125 id. 230; *Curtis* v. *Van Bergh*, 161 id. 47; *Caesar* v. *Rubinson*, 174 id. 492.) Otherwise, the plaintiff, in making proof of actual damages arising from breach of the contract, would be confronted by conflicting decisions of courts in different jurisdictions as to the

measure of damages to be applied. (See *Rock* v. *Gaede*, 111 Kan. 214; 207 P. 323; *Russell Miller Milling Co.* v. *Bastasch*, 70 Ore. 475; 142 P. 355; *Erie Baking Co.* v. *Hubbard Milling Co.*, 217 Fed. 759.) Therefore, in view of the uncertainty as to what measure of damages the courts of any particular jurisdiction might adopt, it was proper that the parties should agree in advance upon the manner of calculating damages.

It is unnecessary to go into any extended discussion concerning the terms of the contracts. They are such as are customarily made by large milling concerns and shippers of flour; and identical or very similar damage provisions have been held valid by the courts of different jurisdictions where the question has been presented. (See *Sheffield-King Milling Co.* v. *Domestic Science Baking Co.*, 95 Ohio St. 180; 115 N. E. 1014; *Sheffield-King Milling Co.* v. *Jacobs*, 170 Wis. 389; 175 N. W. 796; *New Prague Flouring Mill Co.* v. *Hewett Grain & Provision Co.*, 226 Mich. 35; 196 N. W. 890; *King Flour Mills Co.* v. *Bay City Baking Co.*, 240 Mich. 79; 214 N. W. 973; *Yerxa, Andrews & Thurston* v. *Randazo Macaroni Mfg. Co.*, 315 Mo. 927; 288 S. W. 20; *Christian Mills, Inc.*, v. *Berthold Stern Flour Co.*, 247 Ill. App. 1; *Shane Bros. & Wilson Co.* v. *Striglos*, 228 id. 397; *International Milling Co.* v. *Reierson*, 55 S. D. 139; 225 N. W. 218; *International Milling Co.* v. *North Platte Flour Mills*, 119 Neb. 325; 229 N. W. 22.) No authorities to the contrary are cited by the respondent, and we find none by our own research.

As there is no appeal here by defendant, we need not consider the defenses other than those relating to the question of liquidated damages, or the counterclaims (which were dismissed), except to say that there was no substantial delay by the plaintiff in shipping flour according to directions and that whatever slight delay occurred was waived by the defendant.

The judgment in so far as it dismissed plaintiff's complaint upon the merits, and the order in so far as it denies plaintiff's motion to vacate the decision, should be reversed on the law and the facts, with costs, the motion to that extent granted, and judgment directed for the plaintiff on the findings made by this court for the amount stated in plaintiff's first proposed conclusion of law, with costs. That part of the judgment dismissing the defendant's counterclaims should be affirmed, and the appeal from that part of the order which denies the motion for a new trial should be dismissed.

LAZANSKY, P. J., YOUNG, SCUDDER and TOMPKINS, JJ., concur.

Judgment in so far as it dismisses plaintiff's complaint upon the merits, and order in so far as it denies plaintiff's motion to vacate

the decision, reversed on the law and the facts, with costs, motion to that extent granted, and judgment directed for plaintiff on the findings made by this court for the amount stated in plaintiff's first proposed conclusion of law, with costs. That part of the judgment which dismisses the defendant's counterclaims is unanimously affirmed, and the appeal from that part of the order which denies the motion for a new trial is dismissed. Findings of fact numbered " eighth," " ninth," " tenth " and " eleventh " are reversed, and conclusion of law numbered " first " is disapproved. This court finds as facts plaintiff's proposed findings numbered " eleventh," " sixteenth," " twenty-sixth," and " thirty-second," and in addition that any violation of the territorial agreement between the parties was waived and the contract of July 26, 1928, subsequently confirmed and ratified; and plaintiff's proposed conclusion of law numbered " I."  Settlement of the findings may be had by either party on notice.