Francis J. Donovan, J.
In this case plaintiff sues for the sum of $733.50. Its complaint predicates the action upon a clause in a written contract. Plaintiff contends that it is entitled to 20% of the contract price and counsel fees of 10% of the contract price.
On plaintiff’s case there was a failure of proof as to any actual damage suffered by the plaintiff. Decision was reserved on defendants’ motion to dismiss at the close of the plaintiff’s case on various grounds. For the purpose of this decision the court is considering only the ground, that the clause of the contract is unenforcible because it constitutes a penalty.
The clause numbered five in the written contract reads as follows: “ The home owners and or co-signers agree that in the event of any breach of this contract on their part, whether such breach is prior to any or partial or full performance of this contract or at any time after the signing hereof or if it shall be anticipatory breach or repudiation of this contract, the Dalston Construction Corporation may, at its option, receive, collect and recover the sum equal to twenty percent of the total agreed contract price herein set forth, as and for liquidated damages so fixed by the parties hereto as being the fair, reasonable and agreed net profit to be earned by Dalston Construction Corpora *699 tion, but Dalston Construction Corporation may if it sees fit sue at law for reasonable counsel fees at the rate of ten percent and such additional or other damages that it may establish; the right to a trial by jury in any action ”.
At the close of the plaintiff’s ease, it had made out a prima facie case showing a repudiation or refusal by defendants to permit plaintiff to proceed with the work.
Special attention has been paid to this case because it presents a problem of some public import. This is a contract to make an alteration to a dwelling wherein the home owners have obligated themselves to pay $2,445. All too often these matters are coming into the District Court. A printed form is used with detailed clauses governing the liabilities of the parties. The work to be done under the contract is described in longhand short phrases covering only the barest outline of the work to be performed. No criticism is to be leveled at a contractor for taking care and obtaining legal advice for the protection of his rights. It is morally right that he should be entitled to recover any actual damage he may incur where a home owner, without justification, cancels a contract.
In these cases home owners learn by bitter experience, but perhaps the experience of some may be of help to others. If the plaintiff succeeds in this case the defendants will have to pay in excess of $800 when we add interest and costs, to say nothing of counsel fees, for a job that was never done. Were it not for the fact that the law seems to me to favor the defendants — which I am sure was unforeseen by the defendants at the time they made this contract — the defendants would suffer severely.
It may not be amiss to recommend generally that home owners who are contemplating expenditures of such large sums of money should consult a family lawyer, who for a relatively nominal fee, will read a contract to see that they are properly protected. Again, a home owner should make certain that a detailed plan of the work is made part of the contract. These litigations require the testimony of experts on behalf of the defendant home owner and this too costs money.
Coming back to the instant case, I find that the clause in question is invalid on its face and unenforcible. It is not a liquidated damage clause at all.
A liquidated damage clause must always be examined rather closely. The policy of the law is to approve such clauses where they are reasonable. The underlying purpose is to permit parties to look to the future, anticipate that there may be a breach and make a settlement in advance. This implies two things: (1) that the amount specified be a fixed amount and (2) that *700 both parties be bound to that amount. The clause here does not disclose a fixed amount. In essence it fixes a minimum which must be paid by the home owner to the contractor, but leaves the door wide open to him to prove actual damage in addition to the so-called liquidated damage. This is no settlement at all and it permits the contractor to have his cake and eat it too.
I find that the facts relating to this contract are indistinguishable in principle from those before the court in Caesar v. Rubinson (174 N. Y. 492). In the latter case, the dissenting opinion in the Appellate Division, which ultimately became the law by reason of the reversal of the majority by the Court of Appeals, is apropos of the present case. There Justice Van Brunt said (71 App. Div. 180, 185): “ I do not think that $1,000 can be considered as liquidated damages. According to the language of the agreement if there was any breach of its condition, the $1,000 were to be liquidated damages in case the damages to be proved were not equal to that amount, but in case the damages which could be proved exceeded that amount the $1,000 were not to be liquidated damages. I am unable to comprehend how the amount fixed in an agreement can, by the terms thereof, be both liquidated and unliquidated. ’ ’
Accordingly, defendants’ motion to dismiss is granted.