Shapiro, J.
This is an action to recover liquidated damages arising out of an anticipatory breach of a written contract entered into between the parties on March 12, 1966. An agreed statement of facts was stipulated to by the parties.
The fundamental question,presented on this appeal is whether a clause in a contract which provides, inter alia, that appellant shall recover liquidated damages in the amount of 25% of the total agreed contract price in the event of any breach by respondents and which also gives appellant the right “if it sees fit to sue for such actual damages as it may establish ” is enforcible.
I am of the opinion that it is not.
The clause of the contract which is the subject of this action provides: “14. In the event of any breach of this contract on the part of the Owner, irrespective as to whether any work shall have been commenced by Company, the Company shall be entitled to recover from the Owner a • sum equal to 25 % of the total agreed contract price, as and for liquidated damages which sum it is agreed by the parties hereto is the fair, reasonable and agreed profit to be earned by the Company on this contract. This shall not preclude the Company if it sees fit to sue for such actual damages as it may establish. Any work stoppage caused by the Owner shall be chargeable to the Owner at the rate of $6 per hour, per man. In the event that legal action against the Owner shall be instituted by the Company, to recover under this contract, the Company shall be entitled to recover an additional 20% of the amount sued for as reasonable attorney’s fees, which sum in no event shall be less than $75. *15 The right to trial by jury is hereby waived by the parties hereto in any action, counter-claim or proceeding that may be brought by either party as a result of or in connection with any matter relating to this contract.”
Generally, courts will enforce a clause in a contract whereby the parties stipulate as to the damages to be paid in the event of breach unless the clause is characterized by the court as a penalty. (5 Corbin, Contracts, § 1058.) ‘ ‘ Whether a provision for the payment of a sum of money by one party to the other, in a contract * * * is, in the event of default to be construed as a penalty or as liquidated damages has given rise to a great variety of judicial utterances. It has been said that if there is any branch of the law inveighed against for uncertainty deserving of such a -reproach, it is this subject of the distinction between penalties and liquidated damages. (Williams v. Green, 14 Ark. 315.) And no branch can be more truthfully said to be involved in obscurity by contradictory decisions. (Gobble v. Linder, 76 Ill. 157.) ” (Hasbrouck v. Van Winkle, 261 App. Div. 679, 681, affd. 289 N. Y. 595.)
If appellant here could recover both liquidated damages and actual damages, there would be no question that the ‘ ‘ liquidated damages ” provision was a penalty. (See Dowtown Harvard Lunch Club v. Racso, Inc., 201 Misc. 1087, 1091-1092; see, also, New York Dock Co. v. City of New York, 246 App. Div. 620.)
Cases in which clauses similar to that at bar were presented for enforcement by the court are few in number. In Caesar v. Rubinson (174 N. Y. 492, 495) plaintiff, the assignee of a tenant, brought an action to recover a sum of money deposited with defendant landlord under a lease which provided, inter alia: “ The said tenants shall deposit, and have deposited, with said landlords the sum of One thousand dollars, the receipt whereof is hereby acknowledged, as security for the faithful performance of this agreement on their part, and in case of any breach thereof by said tenants said amount shall be paid and retained by said landlords as liquidated damages for such breach, but in case the actual damages suffered by said landlords through such breach shall be greater than said sum of One thousand dollars then said sum shall be applied on account of such damage and said tenants be still liable for the balance thereof.” The only breach of the lease which defendant asserted as a ground for retaining the deposit was the omission of the tenant to pay $45 of the monthly rent; in all other respects the covenants of the lease were performed. The court held that under these circumstances the security clause was a penalty because the damages could have been ascertained at the time the lease *16 was executed. The court further stated at page 498: “It is declared by the stipulation in the lease that the amount specified therein should not be regarded as liquidated damages if the landlords’ loss exceeded that sum, but in such event it should be applicable upon the actual damages whatever they were found to be. It is difficult to believe that the parties intended that the deposit should have one character as to the landlord and another character as to the tenant. That as to the former, it was not liquidated damages, but was as to the latter. A provision in a lease in regard to liquidated damages, such as the one in question, that is not mutually binding on both parties, should not be enforced against one of them unless the facts and circumstances are such as to make it entirely clear that such was the purpose of the stipulation. I am unable to distinguish this case in principle from those in which this court has passed upon provisions of a similar character in leases or agreements between landlord and tenant. (Chaude v. Shepard, [122 N. Y. 397]; Scott v. Montells, 109 N. Y. 1.) In these cases it was held that the deposit was intended as security for the performance of the covenants of the lease and not as liquidated damages. ’ ’
It is interesting to note that Mr. Justice Van Brunt, dissenting in the lower court opinion (71 App. Div. 180, 185) which had enforced the provision, stated: “ I do not think that the $1,000 can be considered as liquidated damages. According to the language of the agreement if there was any- breach of its condition, "the $1,000 were to be liquidated damages in case the damages to be proved were not equal to that amount, but in case the damages which could be proved exceeded that amount the $1,000 were not to be liquidated damages. I am unable to comprehend how the amount fixed in an .agreement can, by the terms thereof, be both liquidated and unliquidated.” (Emphasis supplied.)
In Weatherproof Contr. Corp. v. Kramer (12 Misc 2d 100) the court dealt with a provision quite similar to the one at bar. The contract provided (pp. 102-103): “ The. owner(s) and/or cosigner (s) agrees that in the event of any breach of this contract by him (them), at any time, before or after acceptance thereof, Weatherproof Improvement and Contracting Corp. may, at its option, collect 30% of the total consideration herein named as liquidated damages for the breach of said contract, or sue at law for such damages as Weatherproof Improvement and Contracting Corp. may establish. Home Owner waives right to trial by jury. ’ ’ The court held that the provision was unenforcible because there was not sufficient proof that 30% of the con *17 tract price was a reasonable basis for determining loss of profits in connection with the contract. The court stated (pp. 104 — 105):
“ Upon the same basis of reasoning, the plaintiff cannot saddle the defendant with loss of profits based upon prices for labor and materials furnished by its'subcontractor. The testimony affords the court only speculative basis for determining whether the provision for liquidated damage, namely 30% of the contract price, fairly and reasonably represents plaintiff’s loss of profits, and accordingly, the court finds that this provision is in the nature of a penalty, and cannot be enforced as liquidated damages. This is not a case where the damages of plaintiff are uncertain or difficult to ascertain, where the parties may be permitted to determine the amount of damages in the event of breach; nor is the court satisfied that there is no great disparity between the actual damage and the agreed damage (cf. Downtown Harvard Lunch Club v. Racso, Inc., 201 Misc. 1087, supra, and cases there cited).
“Accordingly, the plaintiff is required to prove its actual damages. Inasmuch as plaintiff has failed to sustain its burden of proof in this regard, the complaint is dismissed without prejudice.”
In Avis Rent-A-Car System v. Gloeckler Sales, (N. Y. L. J., Nov. 5, 1964, p. 16, col. 1), the contract between the parties provided: “ The termination of this lease by Avis in any of the methods specified herein shall not relieve customer of its obligation to pay Avis any rental or other charges then due hereunder for the respective lease periods, but Avis may, at its option, elect to recover as liquidated damages one-half of the rental for that portion of the respective basic lease periods remaining at the date of termination.”
Plaintiff’s second cause of action was based on this provision of the agreement and plaintiff sought under this clause recovery of “ liquidated damages ” in the amount of $20,825. Defendant argued that the award of damages, pursuant to the provision, would result in a penalty. The court stated: “ The papers do not demonstrate that the damage to plaintiff in circumstances such as are here involved is either uncertain or difficult to ascertain * * *. Absent a showing that the rental value is not ascertainable or that the loss may not be otherwise mitigated while the cars are in plaintiff’s possession and control, it may not be held on this motion that the provision relied on by plaintiff is not a penalty.” Accordingly, the court denied plaintiff’s motion for summary judgment on the second cause of action.
*18 In these three cases, the court refused to enforce the provisions, deeming them penal because either damages were not difficult to ascertain or because the “ liquidated damages ” specified were excessive. The courts did not deal with the broader question of whether a clause ’ which provides for liquidated damages and also gives an option to disregard the liquidated damages and sue for actual damages can ever be enforced. This question, however, was forthrightly dealt with in Dalston Constr. Corp. v. Wallace (26 Misc 2d 698) cited in the opinion of the court below. In that case the contract between the parties provided (pp. 698-699): “ The home owners and or co-signers agree that in the event of any breach of this contract on their part, whether such breach is prior to any or partial or full performance of this contract or at any time after the signing hereof or if it shall be anticipatory breach or repudiation of this contract, the Dalston Construction Corporation may, at its option, receive, collect and recover the sum equal to twenty percent of the total agreed contract price herein set forth, as and for liquidated damages so fixed by the parties hereto as being the fair, reasonable and agreed net profit to be earned by Dalston Construction Corporation, but Dalston Construction Corporation may if it sees fit sue at law for reasonable counsel fees at the rate of ten percent and such additional or other damages that it may establish; the right to a trial by jury in any action ”. The court stated (pp. 699-700) :
“ Coming back to the instant case, I find that the clause in question is invalid on its face and unenforeible. It is not a liquidated damage clause at all.
‘ ‘ A liquidated damage clause must always be examined rather closely. The policy of the law is to approve such clauses where they are reasonable. The underlying purpose is to permit parties to look to the future, anticipate that there may be a breach and make a settlement in advance. This implies two things: (1) that the amount specified be a fixed amount and (2) that both parties be bound to that amount. The clause here does not disclose a fixed amount. In essence it fixes a minimum which must be paid by the home owner to the contractor, but leaves the door wide open to him to prove actual .damage in addition to the so-called liquidated damage. This is no settlement at all and it permits the contractor to have his cake and eat it too.”
The theory which underlies the distinction between an enforcible liquidated damages provision and an unenforeible penalty is that where damages will be difficult to ascertain, the parties to a contract may estimate them in advance (either by dollars or *19 by percentage) and the court will enforce the agreement where the estimated damages are not disproportionate to the probable loss. (Cotheal v. Talmage, 9 N. Y. 551; King Midas Mill Co. v. Montauk Wholesale Grocery Co., 243 App. Div. 173; 9 Encyclopedia N. Y. Law, Damages, § 81.) The parties thereby avoid the difficulties of requirements of certainty of proof of unliquidated damages. Moreover, a liquidated damages provision to be valid must fix the damages in advance and be for an amount certain. (Frankel’s Carpet Fashions v. Abraham, 228 N.Y.S.2d 123.) ‘ ‘ If court aetion is necessary in order to fix the amount, the stipulation is meaningless, as it fails to achieve the only valid purpose of liquidated damages ” (1 Oleck, Damages to Persons and Property, § 161).
The subject clause has no such effect. It operates to give appellant a minimum recovery regardless of actual damages and also affords him the option to disregard the liquidated damages specified if the actual damages exceed the amount stipulated. Under the circumstances and in light of the constructional preference in doubtful cases to hold such clauses penal (City of New York v. Brooklyn & Manhattan Ferry Co., 238 N. Y. 52, 56; Weinstein & Sons v. City of New York, 264 App. Div. 398, affd. 289 N. Y. 741; 14 N. Y. Jur., Damages, p. 18), I hold that the purpose of the clause is to secure or force performance and not to estimate damages in lieu of performance and therefore the clause is a penalty and unenforcible.
The language of the contract with respect to counsel fees also presents a problem in this case.
Generally, a provision in a note for payment of attorney’s fees is enforcible. (General Lbr. Corp. v. Landa 13 A D 2d 804; Commercial Invt. Trust v. Eskew, 126 Misc. 114.) However, the sum stipulated must be reasonable. (Franklin Nat. Bank v. Wall St. Commercial Corp., 21 A D 2d 878.) While a provision for payment as attorney’s fees of 20% of the face amount of a note may be considered reasonable in a particular ease (General Lbr. Corp. v. Landa, supra), the contract here provides for recovery of an “ additional 20% of the amount sued for as reasonable attorney’s fees.”
There is no question in my mind that this provision is unenforcible on its face. By inserting, an inflated amount in its prayer for relief appellant could collect an amount which would bear no reasonable relationship to the value of the contract or to the services performed by the attorney.
The judgment should be affirmed, with $25 costs.
DiGiovaeha and Bitchie, JJ., concur with Shapiro, J.
Judgment affirmed, etc.