OPINION OF THE COURT
David B. Saxe, J.
In this motion for summary judgment, I am asked to decide whether an unusual liquidated damage clause in a contract is valid or instead, a penalty.
The underlying facts are these: On three occasions during November and December, 1979, the plaintiff delivered to defendant 697 stock photographs for the defendant’s consideration for possible use as part of a slide show for one of its advertising clients. The photographs depicted various cities, and other points of interest in the United States. It appears that 39 of the 40 photographs that the defendant agreed to license were never returned. The plaintiff argues that each of the 39 photographs has a value of at least $1,500. The principal basis for this contention lies in paragraph “3” of the delivery memoranda between the parties which states: “The monetary damages for loss or damage of an original color transparency or photograph shall be determined by the value of each individual photograph. Recipient agrees however, that the reasonable minimum value of such tort or damaged photographs or transparency shall be no less than fifteen hundred ($1,500.00) dollars.”
The plaintiff claims that this clause is a proper liquidated damage provision and that they are entitled to summary judg *96 ment in an amount representing the total number of photographs not returned multiplied by $1,500.
The defendant’s main argument is that even if it is liable for the nonreturn of 39 photographs, the $1,500 per photograph liquidated damage demand bears no relationship to the actual or fair or reasonable value of the photographs and is therefore a penalty.
In early English legal history, parties used penal bonds to secure performance of a contract. Upon a breach, the entire amount of the bond was due immediately, regardless of the actual damages suffered. (5 Williston, Contracts [3d ed], § 774.) Courts sitting in equity, however, had jurisdiction to intervene and mitigate the harsh results where the breach did not cause any actual damage (id.).
American courts recognized the parties’ right to set damages in advance of a breach, and distinguished value clauses from penalties. These courts allowed recovery where the parties had attempted to reasonably estimate in advance the damages that might result from a breach (United States v Bethlehem Steel Co., 205 US 105).
In contrast, where the preset damages were disproportionate to the damage which could have been anticipated from breach of the contract, and which were agreed upon in order to enforce performance (Bignall v Gould, 119 US 495), the court labeled the clause an unenforceable penalty. (Caesar v Rubinson, 174 NY 492.)
The controlling principle of law is contained in subdivision (1) of section 2-718 of the Uniform Commercial Code which reads: “Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.”
The first sentence of subdivision (1) of section 2-718 of the Uniform Commercial Code focuses on the situation of the parties both at the time of contracting and at the time of breach. So, a liquidated damage provision will be valid if reasonable with respect to either (1) the harm which the parties anticipate will result from the breach at the time of contracting or (2) the actual damages suffered by the nondefaulting party at the time of breach (see Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516).
*97 The plaintiff contends that the $1,500 per photograph liquidated damage provision is an industry-wide standard or custom. The defendant disputes this. But, the fact remains that even assuming that this amount is accepted throughout the industry, subdivision (1) of section 2-718 of the Uniform Commercial Code requires that an examination be made to determine the reasonableness of the sum from the aspect of anticipated harm determined at the time of entry into the contract or actual harm determined at the time of breach.
The plaintiff has not made a successful demonstration under either prong of this test. The $1,500 per photograph figure may bear no relationship to the actual value of a photograph which (a) may never have generated any past revenue; (b) is neither unique nor novel, and (c) may be able to be duplicated by the photographer who submitted the photograph.
In terms of assessing the reasonableness of the anticipated harm, depending upon the nature and quality of the photograph, an amount required for the loss of one or more of them would, of necessity, vary. I conclude, therefore, that the liquidated damage provision is invalid because it is not reasonable with respect to the anticipated or actual harm.
Alternatively, the provision in question is indefinite, rendering it unenforceable. The $1,500 figure is a minimum value and permits the plaintiff to prove a greater value if disposed to do so. There is, therefore, no true liquidation of damages since the plaintiff is given the option to disregard the liquidated sum and sue for actual damages. Such a clause is invalid (Jarro Bldg. Inds. Corp. v Schwartz, 54 Misc 2d 13).
In Jarro (supra), the so-called liquidated damage clause permitted the plaintiff to recover 25% of the total agreed contract price but also afforded the plaintiff the option to disregard the clause and sue for damages if they exceeded the amount stipulated. The court had no trouble finding this clause invalid noting that a valid liquidated damages provision must fix the damages in advance and be for a sum certain (supra, p 19).
But here, the clause under scrutiny operates a bit more subtlely. It establishes a minimum recovery with the option to seek more by way of a suit for actual damages. A similar clause was invalidated in Dalston Constr. Corp. v Wallace (26 Misc 2d 698, 699-700), where the court said: “A liquidated damage clause must always be examined rather closely. The policy of the law is to approve such clauses where they are reasonable. The underlying purpose is to permit parties to look to the future, anticipate that there may be a breach and make a settlement in *98 advance. This implies two things: (1) that the amount specified be a fixed amount and (2) that both parties be bound to that amount. The clause here does not disclose a fixed amount. In essence it fixes a minimum which must be paid by the home owner to the contractor, but leaves the door wide open to him to prove actual damage in addition to the so-called liquidated damage. This is no settlement at all and it permits the contractor to have his cake and eat it too.”
The clause here would allow the plaintiff to have its cake and eat it too. Accordingly, it is no liquidated damage clause at all and, therefore, plaintiff’s motion for summary judgment is denied.