Global Facility Management & Construction, Inc., Plaintiff,

against
Joe & the Juice Miami LLC, Defendant.


625049-18

TARTER KRINSKY & DROGIN, LLP
Attorneys for Plaintiff
1350 Broadway
New York, New York 10018
COZEN O'CONNOR
Attorneys for Defendant
45 Broadway, Suite 1600
New York, New York 10006


Elizabeth H. Emerson, J.

Upon the following papers read on this motionto dismiss ; Notice of Motion and supporting papers 8-17 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers 19 ; Replying Affidavits and supporting papers20 ; it is,
ORDERED that this motion by the plaintiff for an order dismissing the defendants' counterclaims insofar as they seek to recover delay damages over and above the liquidated amounts provided in the parties' agreements is denied. 
The plaintiff, a project management company, was retained by the defendant, an international juice-shop chain, to provide construction-management services to build four retail juice shops in the Miami area. The parties entered into a separate contract for each juice shop. All of the contracts contained the following provision regarding damages for the plaintiff's failure to complete the work by the substantial-completion date specified in each contract: 
"If there are delays in the work (other than those due to Excusable Delay) resulting in a failure to meet the substantial completion date or final completion date, then (i) [plaintiff] shall be responsible to the [defendant] for any actual and consequential damages arising therefrom including, but not limited to additional financing costs, attorney's fees, lost profits and all liquidated damages and similar penalties arising under the applicable lease governing the Project, and (ii) the [plaintiff] shall pay [defendant] an amount equal to $500 per day for each day of delay past the substantial completion date. The parties agree that the foregoing liquidated damages and other amounts are a reasonable estimate of the damages that [defendant] will incur as a result of the [plaintiff's] failure to complete the work in a timely manner and comply with its obligations hereunder, and the foregoing shall not be deemed to be a penalty. The [plaintiff] acknowledges that the [defendant] will be damaged if the completion dates are not met.
The plaintiff commenced this action for breach of contract and unjust enrichment. The plaintiff alleges the defendant owes it $1,050,633.67 for services rendered for which it has not been compensated. The defendant counterclaims for breach of contract. The defendant alleges that it is entitled to delay damages pursuant to (i) and (ii) above. The plaintiff moves to dismiss the defendants' counterclaims insofar as they seek to recover actual damages under (i) for the purported delays. The plaintiff contends that the defendant's remedy is limited to liquidated damages in the amount of $500 per day under (ii). 
Contrary to the plaintiff's contentions, New York law does not apply. The parties' agreements provide, "Jurisdiction over any disputes will be vested exclusively in the state or federal courts of the state of New York, U.S.A., and each party consents to jurisdiction in New York . . . ." However, the agreements also provide, "This Contract shall be governed by the laws of the state in which the project is located," which is Florida. New York courts generally defer to the choice of law made by the parties to a contract (Cargill v Charles Kowsky Resources, Inc., 949F2d 51, 55 [2nd Cir.]; see also, Freedman v Chemical Constr. Corp., 43 NY2d 260, 265 n), and the plaintiff has given the court no reason to depart from this rule.
Florida courts have consistently recognized as a penalty a stipulated-damage provision that allows the non-breaching party a choice of options in the event of a breach (MCA Television Ltd. v Public Interest Corp., 171 F3d 1265, 1272 [11th Cir]). In Lefemine v Baron (573 So 2d 326), the Florida Supreme Court struck down as an unenforceable penalty a clause [*2]that allowed a seller to retain a buyer's deposit of 10% of the purchase price of real property or to proceed at law or in equity to enforce his rights under the contract in the event of the buyer's breach. The Florida Supreme Court found that such an option indicates an intent to penalize the defaulting buyer and negates the intent to liquidate damages in the event of a breach (Id. at 329). The Court explained that the buyer under a liquidated-damage provision with such an option is always at risk for damages greater than the liquidated sum (Id. at 329-330). Because neither party intended the stipulated sum to be the agreed-upon measure of damages, the Court concluded that the provision could not be a valid liquidated-damage clause (Id. at 330, see also, Pappas v Deringer, 145 So 2d 770, 773 [Fla Dist Ct App]; Stenor v Lester, 58 So 2d 673, 675-676 [Fla Sup Ct]). The Eleven Circuit, applying Lefemine v Baron(supra), found that this reasoning applies with even greater force in cases where the damage provision allows the non-breaching party, not a choice between two options each of which would allow a full recovery, but the right to pursue them both (MCA Television Ltd. v Public Interest Corp., supra [and cases cited therein]). 
The Florida Supreme Court in Lefemine v Baron(supra) noted that its decision was in harmony with authorities from other jurisdictions. The Court cited to Jarro v Bldg. Indus. Corp. v Schwartz(54 Misc 2d 13 [App Term 2d Dept]) and Dalston Constr. Corp. v Wallace, 26 Misc 2d 698), two New York cases that hold liquidated-damage clauses are invalid and unenforceable if the parties' agreement allows for the recovery of both actual damages and liquidated damages. Indeed, liquidated damages and actual damages are mutually exclusive remedies under New York law (U.S. Fidelity and Guar. Co. v Braspetro Oil Servs. Co., 369 F3d 34, 71 [2nd Cir]). Under no circumstances will liquidated damages be allowed where the contractual language and attendant circumstances show that the contract provides for the full recovery of actual damages (Id.). The reason for this rule is that the existence of a non-exclusive remedy is inconsistent with the intention of contracting parties to liquidate or "fix" the damages in the event of a breach (In re SFD &commat; Hollywood, LLC, 411 BR 788 [SD Fla], citing Lefimine v Baron,supra at 328-329).
Here, the parties' agreements contain both liquidated-damage and actual-damage provisions. Such a scheme cannot be read to reflect a good-faith effort by the parties to liquidate their damages (MCA Television Ltd. v Public Interest Corp., supra at 1273). Under both New York law and Florida law, it is the liquidated-damage provision, and not the actual-damage provision, that is unenforceable. Accordingly, the plaintiff's motion, which is to dismiss the defendants' counterclaims insofar as they seek to recover actual damages, is denied.
Dated: May 16, 2019
J.S.C.