20-2273-cv
*Jefferies LLC v. Gegenheimer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

———————————————————

JEFFERIES LLC,

> *Plaintiff-Appellee*,

v.                                                            20-2273

JON A. GEGENHEIMER,

> *Defendant-Appellant.*[1]

———————————————————

FOR PLAINTIFF-APPELLEE:          Andrew J. Shapren, (Scott C. Oberlander, *on the brief*) Buchanan Ingersoll & Rooney PC, Philadelphia, PA; (Hala A. Sandridge, Buchanan Ingersoll & Rooney PC, Tampa, FL, *on the brief*).

---

[1] The Clerk is respectfully instructed to amend the caption as set forth above.

**FOR DEFENDANT-APPELLANT:** John Houston Pope (Aime Dempsey, Alexander J. Franchilli, *on the brief*), Epstein Becker & Green, P.C., New York, NY; (David Jacobs, Edward J. Loya, Jr., Epstein Becker & Green, P.C., Los Angeles, CA, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jon Gegenheimer appeals from a judgment of the United States District Court for the Southern District of New York confirming the arbitration award of a panel of Financial Industry Regulatory Authority ("FINRA") arbitrators in favor of Jefferies LLC and denying Gegenheimer's motion to vacate the award. Gegenheimer argues that the district court erred in denying his motion to vacate because the arbitration panel manifestly disregarded New York law. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"In reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error." *Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 260 (2d Cir. 2003). "When a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard *de novo*." *GMS Grp., LLC v. Benderson*, 326 F.3d 75, 77 (2d Cir. 2003). We note at the outset that "[a] motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).[2]

---

[2] We reject Gegenheimer's contention that the district court erred by not reviewing the arbitration panel's decision *de novo*.

2

Manifest disregard of law "is a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). "An arbitral award may be vacated for manifest disregard of the law only if a reviewing court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Wallace*, 378 F.3d at 189 (internal quotation marks and alterations omitted). A reviewing court may not "vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law." *Id.* at 190. Instead, "[a]n arbitration award should be enforced, despite a court's disagreement with it on the merits," as long as "there is a barely colorable justification for the outcome reached." *Banco de Seguros del Estado*, 344 F.3d at 260 (internal quotation marks omitted).

First, Gegenheimer argues that the arbitration panel manifestly disregarded New York's so-called exclusive remedy rule. During the arbitration proceedings, Gegenheimer relied on *Jarro Building Industries Corp. v. Schwartz*, 281 N.Y.S.2d 420 (2d Dep't 1967), which held that a valid liquidated damages clause requires both parties to be bound to a fixed amount. *Id*. at 425–26. Even assuming the exclusive remedy rule applies here, Gegenheimer has failed to meet his burden of establishing manifest disregard, because the arbitration panel had at least a "colorable justification" for finding the liquidated damages provision enforceable. *Banco de Seguros del Estado*, 344 F.3d at 260. Jefferies raised several arguments in response to Gegenheimer's argument that application of the exclusive remedy rule voided the liquidated damages provision, on any of which the panel could have relied in rendering its decision. As the district court noted, Jefferies presented the panel with authority that did not apply the exclusive remedy rule, *see In re*

3

*First Union Baptist Church of Bronx*, No. 17-cv-7184, 2018 WL 770401, at *1 (S.D.N.Y. Feb. 7, 2018), and authority that described an "emerging presumption against interpreting liquidated damages clauses as penalty clauses," *GFI Brokers, LLC v. Santana*, No. 06-cv-3988, 2009 WL 2482130, at *2 (S.D.N.Y. Aug. 13, 2009) (quoting *XCO Int'l Inc. v. Pac. Scientific Co.*, 369 F.3d 998, 1002–03 (7th Cir. 2004)). Both lines of authority provided sufficient bases for the panel to conclude that *Jarro* was not applicable to this case.

Moreover, despite Gegenheimer's contention, the panel's failure to explain its decision does not evince manifest disregard of the law. "Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (quoting *Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 93 (2d Cir. 2008)). Here, the arguments presented to the panel provide such justifiable grounds.

Next, Gegenheimer argues that the arbitration panel manifestly disregarded New York law concerning restrictive covenants in employment contracts. He contends that the conditions clause in the liquidated damages provision is an unenforceable restraint on competition and employment mobility. Before the arbitration panel, Gegenheimer relied on *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382 (1999), which held that, under New York's standard of reasonableness, an employee agreement not to compete "will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee." *Id.* at 389; *accord Crye Precision LLC v. Bennettsville Printing*, 755 F. App'x 34, 36 (2d Cir. 2018).

Here too Gegenheimer fails to carry his burden of establishing manifest disregard. To start, Gegenheimer did not present the panel with any cases involving *pre*-employment non-compete

4

agreements. Thus, it cannot be said that the panel was aware of law that was "clearly applicable to th[is] case." *Wallace*, 378 F.3d at 189; *see also Duferco*, 333 F.3d at 390 ("In determining an arbitrator's awareness of the law, we impute only knowledge of governing law identified by the parties to the arbitration."). Moreover, even applying the standard used for pre-employment non-compete agreements, the panel could have concluded that the 90-day non-compete clause at issue here was reasonable in time and place, necessary to protect Jefferies' interests, and not harmful to the public or unreasonably burdensome to Gegenheimer because the clause merely required that Gegenheimer fulfill his contractual obligation of beginning his employment with Jefferies by the agreed-upon start date.

We have considered Gegenheimer's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5